Myrick *v.* Slason et al.

### Nathan Myrick *v.* Francis Slason, Theodatus Phelps and Edgar L. Ormsbee.

Where the parties entered into a contract under seal, by which the plaintiff was to open a marble quarry belonging to the defendants and furnish marble, at a specified price for each cubic foot, payable in instalments, and of a specified description, sufficient to supply the defendants' marble mill for a time agreed upon, and the plaintiff quarried a small quantity of marble, which the defendants accepted and used, and it appeared that the contract had not been performed on the part of the plaintiff, but that both parties understood they were acting under the contract, so far as they went, it was held, that the plaintiff could not sustain an action on book account against the defendants, to recover for his labor and expenses, or for the marble delivered to the defendants, but that his only remedy was by action of covenant upon the contract.

16

And it was held, that the rights of the plaintiff, in this respect, were not varied by the fact, that the defendants, after the undertaking began to look discouraging, encouraged the plaintiff to proceed, and expressed their confidence in his ultimate success.

And even if the parties had abandoned all expectation that the marble finnished would be accounted for at the rate fixed in the contract, and treated it as a distinct matter, still, as it resulted from an attempt on the part of the plaintiff to perform the contract, the defendants, by accepting it, would not preclude themselves from showing, in defence, that they had in fact received less than enough to compensate them for what damages they had sustained by reason of the failure of the plaintiff to perform his contract.

And it makes no difference, in such case, that the contract was entered into by the parties rashly, or that it has proved disastrous in its result, or that both parties were mistaken in their estimate of the expense necessary to carry the contract into effect on the part of the plaintiff, or that it has proved extremely difficult, without great and disproportionate expense, to carry the contract into effect, according to its terms.

Book Account. Judgment to account was rendered in the county court, and auditors were appointed, who reported, in substance, as follows.

The claim presented by the plaintiff was for labor performed and expenses incurred by him under a contract in writing, under seal, entered into by the parties, April 10, 1841, by which the plaintiff agreed to open a marble quarry, belonging to the defendants, and to deliver marble, in blocks of a specified size and quality, at the mill of the defendants,—the defendants having the right, however, to retain all the marble quarried by the plaintiff, though in blocks of less than the specified size, unless the plaintiff should elect to keep such blocks; which right was given him. The plaintiff was to receive payment, in instalments, for the marble delivered at the mill, at a specified rate for each cubic foot; and he agreed to commence the work immediately, and to prosecute the same with reasonable diligence through the quarrying season, and to do the best he could to supply the mill with blocks immediately, and to keep the mill supplied from and after the first of June, 1841.

The contract was not performed by the plaintiff according to its terms, and no marble answering its terms was delivered, except a small block of twenty feet. A quantity of other marble was quarried

and drawn to the mill, and some of it was sawed by the defendants; but it was not otherwise proved, that it was accepted on the contract. Sufficient marble, of the description mentioned in the contract, could not have been obtained from the quarry, to fulfil the contract, by any reasonable amount of labor during that season. It appeared, that after the work had been commenced, and while it was progressing, the defendants, in conversation with the plaintiff, used expressions of confidence in the prospects of success, which tended to encourage the plaintiff to go on with his contract. The marble, so far as it was worked, was filled with natural seams; so that few, and those small, blocks of sound marble were to be obtained; and those were injured by the use of powder,—which was injudicious and imprudent, if it was intended to preserve them for use.

After the execution of the contract the plaintiff commenced working at the quarry and continued to work until the close of the quarrying season; and his labor and other expenses were estimated by the auditors at $825,00, towards which the defendants had paid him $61,96,—leaving a balance in plaintiff's favor of $763,04, if he was entitled to recover therefor. The auditors also found, that the marble remaining in the quarry was considerably injured by the injudicious use of powder; but that the labor of the plaintiff in opening the quarry was worth to the defendants, above the damage done by the mode of quarrying, $100, and that the marble sawed and used by the defendants was worth $100, leaving a balance in favor of the plaintiff, if he was entitled to recover for what his labor was worth to the defendants, of $138,04. But the auditors also found, that if the contract between the parties had been performed according to its terms, it would have been productive of profit to the defendants, which they failed to receive, of at least $200,00.

The auditors also reported, that the defendant Phelps, on the 14th day of September, 1841, and while the work was in progress, sold his interest in the quarry to the defendant Slason, and ceased, from that time, to have any interest in the contract with the plaintiff, and notice thereof was given to the plaintiff; and that the balance in favor of the plaintiff at that time, if he were to be allowed for what his services were worth to the defendants, was $74,87,—unless the loss to the defendants from the plaintiff's failure to fulfil the contract

should be offset ; in which case there would be nothing due to the plaintiff.

The county court, December Term, 1845,—BENNETT, J., presiding,—rendered judgment in favor of the plaintiff for $74,87. Exceptions by both parties.

*C. Linsley* for defendants.

1. The action on book account will not lie, because all the plaintiffs' claim grows out of a written contract, not executed. The auditors have endeavored to estimate what advantage the defendants may have derived by opening the quarry, and they find how much the plaintiff has expended ; but, on examining the contract, we find that the defendants contracted to pay for nothing of this kind. *Austin* v. *Wheeler*, 16 Vt. 95. *Faxon et al.* v. *Mansfield et al.*, 2 Mass. 147. *Stark* v. *Parker*, 2 Pick. 267. 8 Vt. 54. 12 Johns. 165. 13 Johns. 94. 14 Ib. 326.

2. There can be no recovery for the value of the stone sawed ; for there is no evidence that they were accepted on the contract ;— but if they had been, there could be no recovery ; for the auditors find, that the damages sustained by the defendants, by reason of the non-fulfilment of the contract, exceed the value of this marble.

3. It is no excuse for the non-performance of the contract, that the marble could not be obtained without great expense. That, by the contract, was to be at the risk of the plaintiff. Chit. on Cont. 272. *Hadley* v. *Clark*, 8 T. R. 259, 267. *Bullock* v. *Dommitt*, 6 T. R. 650. *Barker* v. *Hodgson*, 3 M. & S. 267. *Baylies* v. *Fettyplace*, 7 Mass. 325. *Harrington* v. *Dennie*, 13 Mass. 93. *Touteng* v. *Hubbard*, 3 B. & P. 300. Alleyn 27.

4. The defendants cannot be made liable for the advantage resulting to them from the opening of the quarry. That was a necessary result of the completion of the contract, but no separate ground of compensation.

*E. D. Barber* and *E. J. Phelps* for plaintiff.

1. When labor has been performed and expenses incurred by the plaintiff under a special contract, but not in conformity thereto, but from which the defendant has derived a benefit, the plaintiff may re-

Myrick v. Slason et al.

cover such remuneration from the defendant, as the benefit conferred upon him is reasonably worth; Chit. on Cont. 451 & notes; *Farnsworth v. Garrard*, 1 Camp. 38; *Robson v. Godfrey et al.*, 3 E. C. L. 85; *Denew v. Daverell*, 3 Camp. 451; *Dyer v. Jones*, 8 Vt. 205; *Gilman et al. v. Hall*, 11 Vt. 510; *'Austin v. Wheeler*, 16 Vt. 95; *Blood v. Enos*, 12 Vt. 625; REDFIELD, J., in *Booth v. Tyson*, 15 Vt. 515; and especially, if the defendant accepts the work and retains it. And if he knew, that the plaintiff was not performing the work according to the contract, and did not dissent, his assent will be presumed; *Hayward v. Leonard*, 7 Pick. 181; *Smith v. Lowell*, 8 Pick. 178; *Lunningdale v. Livingston*, 10 Johns. 36; *Jewell v. Schroeppel*, 4 Cow. 564; *Landue v. Seymour et al.*, 24 Wend. 60; *Wadleigh v. Sutton*, 6 N. H. 15; *McIntire v. Morris*, 14 Wend. 90; *Somerset v. Dighton*, 12 Mass. 386; *Britton v. Turner*, 6 N. H. 481; *Austin v. Wheeler*, above cited. The facts found by the auditors bring this case clearly within the rule of law for which we contend, and entitle the plaintiff to recover.

2. The plaintiff is entitled to recover in this form of action. *Dyer v. Jones*, 8 Vt. 205. *Wilkins v. Stevens*, 8 Vt. 214. *Weller v. McCarty*, 16 Vt. 98. *Austin v. Wheeler*, Ib. 95. *Gilman et al. v. Hall*, 11 Vt. 510. *Fry v. Slyfield*, 3 Vt. 246.

3. We contend, that the plaintiff is entitled to recover the full value of his labor and expenditures. The parties entered into the contract evidently upon the supposition that the quarry *could* be opened, and marble obtained of the quality described in the contract, by a reasonable amount of labor and expenditures during that season. This proved impracticable. The defendants knew the manner in which the plaintiff was performing the labor, and encouraged him to proceed. By this they waived any objection to the manner of quarrying, or the quality of the stone quarried. The plaintiff, then, stands in the position of having performed the labor and incurred the expenses at the request of the defendants, and for their benefit. The contract was entered into under a *mistake of fact*, which renders it inoperative. Broom's Legal Maxims 95.

4. But even if the plaintiff cannot recover, except by force of the special contract, he is entitled to recover for the marble sawed and used by the defendants. The sawing and using it was a waiver of

all objection on their part. *Way* v. *Wakefield*, 7 Vt. 223. *Austin* v. *Wheeler*, above cited.

The opinion of the court was delivered by

REDFIELD, J. There can be little doubt, perhaps, at this day, that, when a party performs labor under a special contract, but not in such a manner, or at such a time, as to entitle him to recover under the contract, he may nevertheless recover, in general assumpsit so much, only, as the labor is worth to the defendant. And I should not now be inclined to question, that this may be done, even when the contract is, as in the present case, under seal. I should be inclined to admit, too, that the recovery, in such case, might be had in the action on book account.

But when the party acquiesces, at the time, in the manner of performing the work, he is precluded from afterwards objecting on that account. And here, the defendants having received the marble and used it, it will be presumed they expected to account for it under the contract. The auditors, too, expressly find, that " the claim of the plaintiff is for labor performed and expenses incurred under the written contract;"—" The contract was not performed according to its terms, and no marble answering the terms was delivered, except a small block of twenty feet." It will be impossible, under this state of facts, to say that the parties did not understand, that they were acting under the contract. The contract itself, too, seems to contemplate, that the defendants may, if they choose, receive *all* the marble which the plaintiff shall raise; and if they do, they are to pay for it under the contract. There is no proof in the case, and no ground for believing, that the defendants have received any marble, which they did not expect to account for under the contract, and which the plaintiff did not expect they would so account for. And the plaintiff having a remedy by action of covenant upon the contract, we do not think he can waive that and bring assumpsit, or book account. If the contract had not been under seal, and had been so far performed as to give a claim for payment for any of the marble in entirety, the action of general assumpsit would lie. While but a part of the price is due, the action, even in case of a contract not under seal, must be upon the contract, probably; but when the

party has a remedy by contract under seal, he is precluded from suing in assumpsit, or any other inferior action.

And from the terms of this contract, we are not inclined to question the plaintiff's right to sue for the instalments of the price of the marble delivered, as it is delivered and becomes due; but that suit must be upon the contract.

The argument for a kind of implied parol contract, running parallel with this written contract under seal, in consequence of the defendants having encouraged the plaintiff to continue his exertions after the undertaking began to look discouraging, is certainly not justified by the finding of the auditors. Such expressions from the defendants, so far from dispensing with the contract, would naturally be understood merely as an encouragement to prosecute it, and were doubtless so received. To understand them in any other sense would be unreasonable.

But if we could find from this case, that the parties wholly abandoned any expectation that the marble finished would be accounted for at the rate fixed in the contract, and treated it as a distinct matter, still, as it resulted from an attempt on the part of the plaintiff to perform the contract, the defendants, by accepting it, do not preclude themselves from showing, in defence, that they have in fact received less than enough to compensate them for what damages they have sustained by reason of the failure of the plaintiff to perform his contract; and in that view the plaintiff would not be entitled to recover any thing, unless the *attempt* to fulfil this contract was all, which the parties contemplated the plaintiff would do. This brings us to the question of the proper construction of the contract.

It was doubtless a very rash contract at the time it was entered into, and subsequent events have shown it to have been very disastrious; but this is no sufficient reason, why the plaintiff should not be bound by it. It would always be the desire of the court to relieve parties from unforeseen and unexpected disasters; but that cannot always be done. And in such a rash and experimenting period as the present, the most we can expect to do is to guard against positive fraud and overreaching. To attempt more than this would be idle.

We have no doubt, that both parties contemplated a more successful result from the present experiment. It is certain the plaintiff did, or he would not have bound himself positively to furnish enough marble out of that quarry to supply the defendants' mill after the first of June, 1841. Before that he is to do the best he can to supply the mill; but from that time he " engages to keep the mill supplied." Nothing could be more positive. There is no pretence of fraud on the part of the defendants. Both were mistaken as to the expense necessary to perform the contract on the part of the plaintiff; but that affords no possible ground of defence at law. It is possible a court of equity, in an extreme case, might relieve the party on such grounds; but in a court of law we cannot defend against such a contract, without showing an absolute, physical impossibility. The difficulty of performance, however great, is no excuse in a court of law. The plaintiff must abide the consequences of his contract. And for the failure on his part the defendants are entitled to such damages as they have sustained;—which the auditors report exceeds the amount of benefit to the defendants.

The claim of the plaintiff, to recover his account as charged, can only be sustained upon the ground that this contract was wholly abandoned and some other substituted,—which is not shown.

So that, upon the facts found, it seems there is no ground of ultimate recovery, upon an adjustment of all the equities,—and especially is there no ground of recovery, in this form of action, upon a sealed instrument, which is specific in its provisions, and where all that has been done by the plaintiff has been done professedly under the contract, and he has not so far performed the contract, as to benefit the defendants to an amount equal to the damage they have sustained by reason of his failure to perform the contract.

Judgment reversed, and judgment for defendants.