ZEBINA C. CAMP *v.* HENRY V. B. BARKER AND STORM R. HAIGHT.

Where some of the counts in a declaration are sufficient and others defective, and a general verdict is returned, and a motion in arrest of judgment is filed, the inclination of the court is, as intimated in *Whitcomb* v. *Wolcott, ante,* page 368, to sustain the verdict, unless it in some way appear, that the finding did proceed upon the defective counts.

When parties have made a special contract for the performance of labor, so long as the parties profess to proceed under the contract no recovery in *indebitatus assumpsit* can be had, for any labor performed under it, but the remedy must be by an action upon the contract.

In a declaration upon a contract for the performance of certain work upon a rail road, where it was agreed, that the payments, which were to be made from time to time by the defendants, were to be regulated in amount by the estimates, made by the engineers, of the amount of work performed, it was held, that an omission to allege, that such estimates had been made, was cured by an allegation, that it was the duty of the defendants to cause them to be made.

It will always excuse the performance of a condition precedent, that the performance was hindered by the other party.

COVENANT. The plaintiff alleged in his declaration, that on the ninth day of January, 1846, he agreed with the defendants and others, (a return of *non est inventus* having been made upon the writ, as to the others,) by writing, under seal, that he would perform the masonry upon certain sections of the Vermont Central Rail Road,

according to certain specifications, the tenor of which he set forth, and at certain specified prices; that the defendants agreed, that the engineers of the rail road should, between the first and tenth day of each month, after the commencement of the work by the plaintiff, estimate the quantity of work performed by the plaintiff, and that the defendants would then pay the plaintiff therefor, reserving ten *per cent.* until the completion and acceptance of all the work under the contract; that the engineer should be the sole judge of the quantity and quality of the work performed; that if the engineer did not estimate the work at the time specified, the defendants should make payments to the plaintiff only at such times, as money should be received by the defendants from the rail road corporation, for estimates made upon the work performed by the plaintiff; that the plaintiff entered upon the performance of the contract, and had performed a large amount of work, in every respect as required by the contract, for which there became due to him, at the several times at which estimates were by the contract to have been made, divers large sums of money; but that the defendants did not procure the estimates to be made, and did not pay to the plaintiff the amount due to him for his work; and that it was wholly the fault of the defendants, that the estimates were not made; and that the defendants had received payment from the rail road corporation for the amount of work performed by the plaintiff, but had refused to pay the plaintiff therefor, although requested after they had received the same. After the suit was entered in court, the plaintiff, upon leave obtained, filed an additional count, which did not materially differ from the first count, except that it was therein alleged, that the engineer would have estimated the work performed by the plaintiff, and the plaintiff would have received payment therefor, if the defendants had caused the same to be covered with an embankment of earth, which it was their duty to have done, and which they were reasonably notified and requested to do; and that after the completion of the work performed by the plaintiff, as alleged, and previous to the commencement of this suit, the defendants released the plaintiff from the farther performance of the covenants upon his part, in the agreement contained. Plea, *non est factum,* with notice of special matter of defence, and trial by jury, November Term, 1848,— REDFIELD, J., presiding.

After a general verdict had been returned in favor of the plaintiff, the defendants filed a motion in arrest of judgment for the insufficiency of the declaration; which motion was overruled by the court. Exceptions by defendants.

*O. H. Smith* for defendants.

*J. A. Vail* and *Peck & Colby* for plaintiff.

By THE COURT. This court, in a recent case in the county of Windsor, *Whitcomb* v. *Wolcott*, [*ante*, page 368,] gave a very decided intimation to the profession, that they could not follow those English or American cases, where, upon motion in arrest of judgment, the courts have refused to make all reasonable intendments in favor of the sufficiency of the finding of the jury. Among these reasonable presumptions, upon a general verdict, the most important is, that the jury did find all the facts alleged in the declaration, and all others reasonably inferable from them. The result of all this seems likely to be, that, if any of the counts in the declaration are sufficient to sustain the verdict, it will be sustained, unless it some way appear, that the finding did proceed upon the defective count.

It is a remarkable fact in English jurisprudence, and in that of a majority of the American states, that while in an indictment for crime, affecting a man's liberty, and even life, if it contain one defective count, among others which are sufficient, upon a general verdict the court consider it as rendered upon the good counts, upon the very natural inference, that a general verdict finds all the facts alleged in the declaration, yet in an action upon contract judgment is arrested for one defective count, upon the ground, that the verdict may have passed upon that count. It is the pertinacious adoption and perpetuation of such gross absurdities and inconsistencies, which tend so obviously to bring all special pleading into disrepute.

To apply that rule to the present declaration would leave no doubt whatever. And even upon the old rule it seems to us, that neither of the objections of the defendants is well founded. The case of *Myrick* v. *Slason et al.,* 19 Vt. 121, establishes the point, that so long as the parties profess to proceed under the contract, no

recovery in assumpsit can be had for any labor performed under the contract. The remedy must be by an action upon the contract. And the omission to allege, that the estimates were made by the engineer, is sufficiently answered by the allegation, that it was the defendants' duty to have that done; upon the declaration, that must be taken *to be the contract.* If so, it could hardly be said to be a condition precedent to the plaintiffs' right of action. But if it really were so, it will always excuse the performance of a condition precedent, even, that the performance was hindered by the other party. It is expressly alleged to be the fault of the defendants, that the estimates were not made. But here another excuse is alleged, that the defendants actually received the money for this work, which, by the contract, they were bound to pay, when received, even if no estimate had been made, and that, upon request, the defendants refused to pay to the plaintiff the money, which they had so received for the work performed by him.                     Judgment affirmed.