BLAIR, Respondent, v. CORBY, Appellant.

1. The admission of testimony that is merely irrelevant is no ground for the reversal of a judgment unless the testimony tends to mislead or prejudice the jury.

2. Questions of variance should be raised at the trial, so that an opportunity for amendments may be afforded.

Blair v. Corby.

3. Where a person contracts with a railroad company to grade and construct a division of the road, the company to retain a certain percentage as a security for the completion of the entire work, and the contractor sublets a portion of the division to another, and it is agreed between them that the contractor shall retain a certain percentage as a security for the completion of the subcontract, and the subcontractor completes his portion, and it is received, he may recover the sum agreed upon, including the percentage, of the contractor, although the latter may have failed to entitle himself to his percentage as against the railroad company.

*Appeal from Buchanan Court of Common Pleas.*

This was an action to recover the sum of $3,195.89 alleged to be due plaintiff as a balance for work and labor done and materials furnished in constructing and completing certain work upon the Hannibal and St. Joseph Railroad under a contract entered into between plaintiff and defendant in April, 1856. The defendant was a contractor under John Duff & Co. The plaintiff was a subcontractor under defendant. The petition set forth substantially that by said contract plaintiff bound himslf to construct and in every respect to complete the clearing, grubbing, masonry and trestle-work and piling, including the furnishing of materials and of all other things requisite and necessary to complete the road-bed of that portion of the Hannibal and St. Joseph Railroad known as section Ten, extending from station 580 to station 641; also the masonry on section Eight, on the west division of said road, at certain specified prices; that for said work and materials defendant was bound by said contract to pay plaintiff eighty-five per cent. in current funds, or in such money as shall be paid defendant by John Duff & Co., upon the estimates made by the engineer in charge of the work, and in ten days from the receipt of the corresponding monthly estimate to said defendant from John Duff & Co., fifteen per cent. thereof being retained as a security for the completion of the work and until the same is fully performed, accepted and finally estimated by the engineer, when the defendant, after the receipt of said retained percentage from John Duff & Co., will, within thirty days thereafter, pay

plaintiff said amount retained.  And said contract contained
the further stipulation and provision, that whenever, in the
opinion of said engineer, the contract shall have been wholly
completed by the plaintiff, the defendant would pay him,
and the plaintiff agreed to receive for the performance
of said work in full compensation for materials furnished
and work done, &c., the prices before specified in said con-
tract; that said work should be executed under the direction
and constant supervision of the engineer of the company;
that the quantities and amounts of the several kinds of work
performed are to be determined by the measurements and
calculations of said engineer, which shall be final and con-
clusive.  Plaintiff alleges that he has duly and fully com-
plied with and performed the entire stipulations and condi-
tions of said contract to be by him performed; that he has
fully and entirely completed all the work by him to be per-
formed; that said work had been accepted and received and
finally estimated by the engineer in charge; that John Duff
& Co., more than thirty days before the commencement of
this suit, paid to defendant the full amount due upon such
final estimate; that defendant had a contract with John Duff
& Co. by which he bound himself to complete for them the
first division west of the Hannibal and St. Joseph Railroad
ready for the ties and track; that before the commencement
of this suit the defendant had failed to comply with his said
contract, and had forfeited the same and also the fifteen per
cent. retained; that John Duff & Co., without completing
said first division, surrendered said road into the hands of
the company, which has ever since been using and enjoying
the work done by plaintiff.  Plaintiff also claims compensa-
tion for extra work, and asks judgment for $3,195.89, includ-
ing $2,169.57 for the fifteen per cent. retained.

The following are the instructions given by the court at
the instance of the plaintiff, and referred to below in the
opinion of the court: " 6. If the jury believe from the evi-
dence that plaintiff has fully completed and performed the

work specified in said petition and contract in evidence, and that before the commencement of this suit the same had been finally estimated and received by the engineer of the Hannibal and St. Joseph Railroad Company, or by his assistant or assistants, duly appointed, who were recognized by the defendant as such, and that defendant forfeited his contract with John Duff & Co., then plaintiff is entitled to recover in this action the full value of his work including said retained percentage, unless the same has been paid. 8. Although the jury may believe from the evidence that plaintiff did not fully complete his work by January 1, 1857, yet such failure could not forfeit his contract unless defendant took such steps to forfeit the same as is required by the third section of the contract read in evidence, by giving notice, &c.; and there is no evidence that defendant took such steps or made such attempt."

The following instructions asked by the defendant were refused : " 1. By the terms of the contract between plaintiff and defendant read in evidence to the jury, the plaintiff Blair was required and bound to complete the work specified in said contract before the 2d day of January, 1857; and unless the jury believe from the evidence that said work was completed at that time, they will find for the defendant. 2. Unless they believe from the evidence that the work specified in said contract to be performed by plaintiff was completed, accepted and finally estimated by the engineer of the Hannibal and St. Joseph Railroad Company before the commencement of this suit, which was commenced on the 4th day of February, 1858, they will find for the defendant. 4. Unless the jury believe from the evidence that the work specified in said contract to be performed by plaintiff was prior to the commencement of this suit completed, accepted and finally estimated by the engineer of the Hannibal and St. Joseph Railroad Company, and that said work was also accepted by John Duff & Co., they will find for defendant. 11. The fifteen per cent. mentioned in the contract between John Duff

& Co. and the defendant as stipulated damages in case of the forfeiture of the contract is a penalty out of which John Duff & Co. could have the right to recover such damages as they sustained by reason of such forfeiture. 12. There is no evidence of a forfeiture of defendant's contract with John Duff & Co. or of the retained fifteen per cent. 16. The final estimates on which plaintiff under the contract was entitled to the retained percentage was not the final estimate of the sections mentioned in the petition, but the final estimate of the whole division No. 1 west of the Hannibal and St. Joseph Railroad."

There was a verdict for plaintiff.

*Hall & Loan*, for appellant.

I. The accounts read in evidence should have been excluded. They had no tendency to prove any issue made in the pleadings. They were incompetent for any purpose. The sixth instruction should have been refused. It submits to the jury a question of law, the forfeiture of the contract with John Duff & Co. It authorized a recovery on a case different from the one made in the pleadings. The petition alleges that Duff & Co. paid defendant the full amount due upon the final estimate as well upon the monthly estimates. The instruction authorizes a recovery if the jury believe that defendant *forfeited* his contract. The eighth instruction should have been refused. The plaintiff alleged a performance of the contract, which is denied in the answer; yet in this instruction the jury are required, notwithstanding they find this issue for the defendant, to find their verdict for the defendant, unless they also find that the defendant took the steps necessary to forfeit the contract. The court should have given the first instruction asked by defendant. The plaintiff was required to complete the contract before the 1st of February, 1857. The second instruction should have been given; so the fourth instruction. By the contract, the work was to be at the risk of the plaintiff until it was completed, accepted and finally estimated, and also accepted by

John Duff & Co. The eleventh and twelfth instructions should have been given. The fifteen per cent. retained was a penalty and not liquidated damages. (11 Mo. 271; 8 Mo. 467.) The sixteenth instruction should have been granted. The fifteen per cent. was by the terms of the contract with Duff & Co. to be retained as a security for the whole work, and John Duff & Co. were not bound to pay it until the whole work on division No. 1 was completed, accepted and finally estimated.

*Vories & Vories*, for respondent.

I. The court committed no error in admitting the evidence objected to by defendant. The court committed no error in giving or refusing instructions. The recovery was for the fifteen per cent. only. The question whether this fifteen per cent. was due was properly submitted to the jury by the instructions. If Corby failed to receive the fifteen per cent. by his own fault in failing to complete other parts of the work to be done by him, by which he forfeited said fifteen per cent., he became liable to pay the deferred payment to plaintiff for the work completed by him. Defendant could not take advantage of his own wrong. The evidence tends to show that defendant received the fifteen per cent. on the work done by plaintiff. It was payable when the plaintiff completed his contract.

SCOTT, Judge, delivered the opinion of the court.

As this case only involves questions as to the admissibility of evidence and the propriety of instructions given and refused, it will be sufficient to notice the points made in the appellant's brief, who was defendant below.

The first error complained of by the appellant is the admission in evidence of sundry accounts between him and the plaintiff in relation to the subject of the suit. As the accounts were made out by the appellant himself we do not see on what grounds they can be regarded as inadmissible against

him. They contained admissions which were competent evidence for the plaintiff. A judgment will not be reversed for the admission of testimony which is merely irrelevant. Unless the evidence tends to mislead or prejudice the minds of the jury, the fact of its being merely irrelevant is no ground for a writ of error or appeal.

The next error alleged is the giving of the sixth instruction for the plaintiff. It is objected to this instruction that it submitted a question of law to the jury, and that it warrants a recovery on a ground not stated in the petition. There was no question in the [case] as to what facts would constitute a forfeiture ; the only matter in dispute was the fact of a forfeiture. We do not understand the petition as only alleging that Duff & Co. actually paid the sum due on the final estimate, but also that it was in effect paid, as the appellant had by his conduct forfeited his right to receive it. Under this view of the petition, we see no error in the instruction. The petition is not as intelligible as it might have been made, but it does not appear that any attempt was made to make it plainer.

The eighth instruction given for the plaintiff is next alleged to be erroneous. That instruction certainly contains a legal proposition. We do not understand it as raising the question, whether, in an action on a special contract to be performed within a given time, under an allegation that such contract has been performed, it would be sufficient that the contract had been performed but not within the stipulated period. A variance between the petition and proof must be made at the trial, so as to enable the plaintiff to amend. We do not see how the question of a variance can be raised in this court for the first time in a case like this. There may be cases where such a variance might affect the merits of the judgment, but this is not one of them.

Complaint is made that the court refused to give the first instruction asked by the appellant. We are of the opinion that the refusal did not prejudice the appellant. The con-

tract was read in evidence without objection. No objection on the ground of variance was made at the time. The party, then, under the circumstances of this case, should not have been permitted to raise it by instruction, when the plaintiff had no opportunity of amending and accommodating his evidence to the amendment. The contract, though not performed within time, was in all other respects considered as binding, the forfeiture for a failure to comply with this stipulation having been waived. We can clearly see that the appellant was not injured by the refusal of this instruction.

The objection to the refusal of the second of appellant's instructions has been answered by what has been already said.

As it appears that the fourth instruction was based on the second specification of the seventh article of the contract, we do not see how its refusal affected the merits of the case.

Whether the fifteen per cent. retained by Duff & Co. by their contract with the appellant was a penalty or not is a matter with which the plaintiff has no concern; nor do we see how the question can affect this case. It seems to be an abstraction. There was no error, then, in refusing the eleventh instruction.

In relation to the retained percentage, it may be remarked that the contract between the appellant and plaintiff contains no reference to the contract between the appellant and John Duff & Co. If the appellant had a contract with Duff & Co., by which they were to retain a percentage as a security for the completion of the entire work, if the appellant sublet to the plaintiff, with a similar clause, a portion of the work to be done by him, and if by reason of the appellant's failure to comply with his contract, not caused by the fault of his subcontractor, he fails to receive the retained percentage, that is no reason, if the subcontractor has performed his work agreed to be done, and it has been received, he should not have the percentage retained under his contract.

To hold otherwise would be to allow the appellant to take advantage of his own wrong. The plaintiff is entitled to his retained percentage, having performed his contract; and as, by the terms of the contract, he was entitled to it a certain number of days after the appellant had received it, if the appellant has by his own conduct prevented himself from receiving the percentage due him from John Duff & Co., which he was to pay the plaintiff after the receipt of it by himself, under such a state of facts, what can be clearer than that the plaintiff is entitled to recover the percentage retained under his contract ? Affirmed.