## Thomas Craemer *vs.* Gardner P. Wood.

At the trial of an action on an agreement to pay the plaintiff a certain sum as soon as the defendant should " receive the pay " for goods " this day bought of " the plaintiff " and sold to M.," it appeared that M. had paid for part of the goods, and returned the rest as not equal to the sample sent by the defendant, and that the defendant had sold to other parties the goods so returned, at a less price than he had expected to receive from M. *Held,* that the plaintiff was entitled to recover.

Contract on a promissory note signed by the defendant, by which, for value received, he promised to pay the plaintiff or order $72.59, " as soon as I receive the pay for a certain lot of shoddy which I have this day bought of him and sold to Merriam & Simpson."

At the trial in the superior court, before *Reed,* J., the plaintiff proved that the defendant made and delivered to him the note declared on, and also testified that the defendant, after the note was given and before action brought, told him that he had received pay for a part of the shoddy from Merriam & Simpson; that they had returned to him the rest of it, because it was not according to the sample sent by him; and that this part returned he had sold to other parties and had received pay therefor, but less than he had expected to receive from Merriam & Simpson. There was no other evidence in the case.

The presiding judge ruled that " in order to maintain this action the plaintiff was bound to show that the shoddy referred to in the contract as sold to Merriam & Simpson had been paid for; that it was not enough to show that Merriam & Simpson, after purchasing, paid for part and returned the rest of the shoddy to the defendant as not being according to the sample on which they bought, and that the shoddy had since been sold by the defendant to other parties at a less price and paid for by them." On this ruling the plaintiff submitted to a verdict for the defendant, and alleged exceptions.

*G. Swan,* for the plaintiff.

*H. B. Staples & F. P. Goulding,* for the defendant.

Ames, J. The defendant's note is an acknowledgment of a debt, and a promise to pay it at a future time. This future

time, instead of being a precise date agreed upon in advance, is made to depend upon the happening of an event, which both parties expect will happen within some reasonable time, although neither of them knows exactly at what time. The note on its face indicates that the defendant was expecting to be in funds from Merriam & Simpson, for goods which he had previously bought of the plaintiff and had sold to them; but there is nothing in the note to indicate that the expected payment from them was to constitute the fund, and the only fund, out of which he was to pay his acknowledged indebtedness to the plaintiff. It does not appear how much he was to receive from them, or what were the terms of his contract with them. It may have been a mere executory contract which he was not able to carry out. The plaintiff's evidence tended to prove in substance that they refused to be bound by the contract, on the ground that the goods sold did not correspond with the sample by which the defendant had undertaken to sell; that on that ground they had returned a portion of the goods without paying for them; and that the defendant had acquiesced in their claim, and accepted the portion so returned.

It appears to us that this evidence, if not rebutted or controlled, would have justified a verdict in favor of the plaintiff. If the defendant's liability to pay the note depended entirely on his first collecting the whole amount of his bill against Merriam & Simpson, it might be for his interest never to collect the whole of that amount, but to compound with them on very moderate terms. If in consequence of an unfulfilled warranty, or any other irregularity or fault on his part, they had returned all the goods, instead of only a part, it would be a strange result if he were to be thereby exonerated from his debt to the plaintiff, and at liberty to hold the goods, or dispose of them at his pleasure, without paying for them at all. The plaintiff was not a party to his final settlement with Merriam & Simpson, and could have no control or voice in it.

The true interpretation and substance of the agreement we understand to be, that the defendant was to have a reasonable time to convert into money certain goods, described as those on

that day bought of the plaintiff and sold to Merriam & Simpson. Both parties undoubtedly supposed that the money was to come from those purchasers, and the note was written under that expectation, making no provision for the contingency of their repudiation of the purchase in whole or in part. But the language used is merely descriptive of the property which the defendant was to receive pay for, before his note should become due. His obligation to pay the note does not depend at all upon the price at which he may sell the goods, nor upon the person who may buy them, and the plaintiff has a right to claim that at the date of the writ the defendant had literally received the pay, that is to say all that he ever could lawfully claim, for the goods bought of the plaintiff and sold to Merriam & Simpson. *Exceptions sustained.*