[No. 443.   August 19, 1891.]

## PATRICK P. FORD, PLAINTIFF IN ERROR, v. CHARLES McGARVEY, DEFENDANT IN ERROR.

ATTACHMENT—CONTINUANCE—PRESUMPTION—ERROR.—On error from an order refusing a continuance, where the affidavits on which the request was based are not in the record, the presumption is there was sufficient reason for refusing it.

ID.—CONTRACT—ASSUMPSIT—MEMORANDUM TO REFRESHEN MEMORY—EVIDENCE.—In a suit in assumpsit by attachment on a contract by a subcontractor against the contractor for an alleged balance due, where the former, in testifying, consulted a memorandum to refreshen his memory, which he testified was a copy of the original paper, and no offer was made to show that the paper was not a copy of the original, and there was no dispute as to the amount due, but simply whether the defendant was liable on an order given by plaintiff to a third party, the memorandum was not a proper subject of cross-examination, and the defendant had no right to cross-examine the witness as to such memorandum.

ID.—CONTRACT—CONDITION PRECEDENT—EVIDENCE—PRESUMPTION—INSTRUCTION.—In such case, where it appeared the parties had agreed that in no case should anything be paid on the subestimates until the contractor was paid on the regular estimates, and had attempted to settle before suit, and the only dispute was as to the liability of the contractor on an order given by the subcontractor to a third party, the contractor admitting that the money was due the subcontractor, and never claiming that he had not been paid on the regular estimates, which had theretofore been regularly paid; and there was evidence that the contractor had not fulfilled his contract with his employer: this evidence raised the presumption, in the absence of any evidence to the contrary, that the defendant had either been paid, or had forfeited his right to payment by his own fault; in either case the court was justified in directing the jury to find for plaintiff.

ERROR, from a judgment in favor of plaintiff, to the Fourth Judicial District Court, Colfax County. Judgment affirmed.

The facts are stated in the opinion of the court.

J. D. O'BRYAN for plaintiff in error.

THOMAS B. CATRON for defendant in error.

SEEDS, J.—This is an action in assumpsit by attachment, wherein the plaintiff seeks to recover, as a subcontractor, from the defendant the sum of about $4,000. The defendant, Ford, had contracted with the Springer Land Association to do the excavating and banking upon a ditch being built through the Maxwell land grant. He sublet parts of this work, and the plaintiff became one of the subcontractors. He performed his work in a satisfactory manner, and was paid in accordance with his contract, except for the last part of the work finished May 28 or 29, 1889. Not being able to settle amicably for this, he sued Ford. There was a trial to a jury, and evidence was introduced upon both sides. After the defendant had closed his testimony, the judge instructed the jury to find a verdict for the plaintiff, which was done. Thereupon the defendant perfected his appeal to this court. There are four questions material to be considered, arising under the assignment of errors. They are: (1) Did the judge abuse his discretion in refusing the defendant a continuance? (2) Was it error to refuse the defendant the privilege of cross-examining the plaintiff upon a paper with which he refreshed his memory? (3) Did the judge place the wrong construction upon the contract between the plaintiff and the defendant? (4) Was a portion of the instruction of the court to the jury incorrect?

1. As to this point, it is only necessary to say that by some mistake the alleged affidavits upon which CONTINUANCE: the request for the continuance is based presumption. are not in the record. The presumption is that the court found that there was sufficient reason for refusing the continuance.

2.  The plaintiff was asked the exact amount due him from the defendant, and, being unable to state, refreshed his memory by consulting a memorandum, which he testified was a copy of an original paper.  Upon cross-examination, the defendant sought to question him regarding the paper.  It was objected to, and the court sustained the objection.  There was no offer or intimation to show that the paper was not a copy of the original.  The ground of complaint is simply that the defendant had the right to cross-examine as to the paper used.  We think that this memorandum plainly comes under the first class as laid down in Mr. Greenleaf's classification, and is not of right a subject of cross-examination.  1 Greenleaf on Evidence, section 437.  Then, too, the evidence showed that there was no dispute about the amount actually due under the contract, but simply a disagreement as to whether Ford was liable for a sum due to a third party to whom McGarvey had given an order upon Ford.  The memorandum was used specifically to refresh his memory as to the amount due under the contract.

*MEMORANDUM to refresh memory: evidence.*

3.  The contract between the parties, under which the work was done, contained this stipulation: "It is mutually agreed that the amounts of these subestimates will in no case be demanded or paid in the advance of the payments of the regular estimates."  Ford was to be paid, upon the general estimates, on or before the tenth of each month.  The defendant contends that the part of the contract above quoted is a condition precedent; that under it Ford must first be paid by the land company before McGarvey can demand his pay; and that he (the plaintiff) must allege and prove that Ford has been so paid.  Conceding that this is a condition precedent, and yet it does not necessarily follow that the position taken by the defendant is correct, under

*CONTRACT: condition precedent: evidence.*

the evidence in this case. Such conditions are made in contracts to protect rights, and to effectuate fair dealing and honesty, not to be made the means of defrauding men of their just dues. The evidence showed that the parties attempted to settle before suit was instituted. Ford admitted that the work was done satisfactorily, and that the money—less $380—was due. The only difference between them was as to the $380. He at no time objected to paying McGarvey, because he had not as yet been paid for the estimate due him June 10. On the other hand, he admitted that the money was due McGarvey. Now, legally, under his contention, the money was not due McGarvey until the land company had paid him. Thus it must be assumed from the testimony either that he had been paid in accordance with the contract with the land company, or that he had failed to comply with the terms of that contract by which he was entitled to his pay. If the last alternative be true, then, surely, he can not set up his own wrong to defeat an innocent man out of his rights. It is true that this evidence was given by the plaintiff, but he was nowhere contradicted, and it is presumed to be true. If it was not a fact, Ford well knew it, and should have been present to deny it. There was some evidence drawn from the defendant's own witness going to show that he had failed to perform his part of the contract. in accordance with its terms. If that be so, then he can not predicate his refusal to pay this plaintiff upon his own wrong. The courts and the law were not brought into being for the purpose of aiding parties under such circumstances. It would be a sad commentary upon the justice of the law if, in such a contract as this, the obligor could say, as Ford undertakes to do here: "I was not to pay you until I received my pay. I have not performed my contract so as to entitle me to any pay, and, therefore, you must suffer for my wrong."

VOL. 6 N. M.—15

The days for such vicarious offerings have, we trust, gone by. Blair v. Corley, 29 Mo. 480; Craemer v. Wood, 102 Mass. 441. "One who prevents the performance of a condition, or makes it impossible by his own act, can not take advantage of his nonperformance." Navigation Co. v. Wilcox, 7 Jones (N. C.), 481; Camp v. Barker, 21 Vt. 469.

It is further urged, however, that the plaintiff was bound to allege and prove the fulfillment of the condition precedent. The plaintiff made the allegation. Did he prove it? The amount of proof which fairly sustains a proposition depends to a great extent upon the evidence against it. There was no evidence whatever that Ford had not been paid, while there was the evidence that at all times previously he had been promptly paid; that he had not claimed at any time to McGarvey that he had not been paid; that he acknowledged that the money was due the plaintiff. All this, however slight, raised a presumption, in the absence of any opposing evidence, that the defendant had been paid, and fully justified the trial judge in instructing the jury to find a verdict for the plaintiff.

4. The remaining contention is that the court erred in the part of the instruction which it gave the jury, in which it said: "There is a legal presumption that the company paid Mr. Ford the amounts due him at the time stated in the written contract, and there has been no evidence here to show that they have failed in performing that obligation." Appellant insists that this, in substance, told the jury that, though the plaintiff was bound to allege the fact of payment at the time set out in the contract, still it was proven by a legal presumption, unless the defendant negatived it by affirmative evidence. But this criticism is not substantial for these reasons: First. It assumes that the charge was given with no reference to the evidence in the case; that

INSTRUCTION: presumption.

assumption can not be allowed for a moment. Second.
Assuming, as we must, that the charge was given with
reference to the evidence before the jury, it has been
shown that there was some evidence on the question,
and none against it; hence the instruction was correct.
The legal presumption referred to by the judge in his
charge undoubtedly had reference to the presumption
raised by the negative evidence.   Finding no error in
the record, the judgment of.the lower court will have
to be affirmed.

FREEMAN, LEE, and McFIE, JJ., concur.   O'BRIEN,
C. J., did not sit in this case.