## D. N. McKAY v. H. G. DARLING.

ORANGE COUNTY, 1893.

Before :   Ross, Ch. J., Taft, Rowell and Start, JJ.

*Instrument under seal.   Assumpsit.   Reference.*

1.   Assumpsit will not lie for the breach of a contract under seal.
2.   Nor does the defendant lose the right to raise this objection by consenting to a reference.

Assumpsit.   Heard upon the report of a referee at the December term, 1892, Munson, J., presiding.   Judgment *pro forma* for the plaintiff.   The defendant excepts.

The plaintiff sought to recover compensation for sawing certain lumber, and damages for the non-performance of certain agreements upon the part of the defendant in reference to the sawing of this lumber.   It was conceded that the parties had originally executed two written contracts under seal in reference to the subject matter of this suit, but the plaintiff claimed that subsequently they made a new parol

contract. The referee found that the parties acted under the sealed contract.

The defendant objected to the report that assumpsit would not lie upon an instrument under seal.

*Alexander Dunnett* for the defendant.

Assumpsit will not lie upon a sealed contract. *Bulstrode* v. *Gilburn*, 2 Strange 1,027; *Toussait* v. *Martinnant*, 2 Term. Rep. 100; *Coeman* v. *Jenkins*, 14 Mass. 93; *Richards* v. *Killam*, 10 Mass. 239; *Warren* v. *Ferdinand*, 9 Allen 357; *Young* v. *Preston*, 4 Cranch 239; *Myrick* v. *Blason*, 19 Vt. 121; *King* v. *Lamoille Valley R. R. Co.*, 51 Vt. 369; *Green* v. *Roberts*, 5 Whart. (Pa.) 84; *Fortenburg* v. *Tunstall*, 5 Pike 263.

An amendment changing the form of action is not legally allowable. *Stedman* v. *Grant*, 12 Vt. 456; *Waterman* v. *Railroad Co.*, 30 Vt. 614; *Boyd* v. *Bartlett*, 36 Vt. 14; *Carpenter* v. *Goodwin*, 2 Vt. 495; *Bowman* v. *Stowell*, 21 Vt. 313.

A reference cures only amendable defects. *Saville, Somes & Co.* v. *Welch*, 58 Vt. 683; *Sumner* v. *Brown*, 34 Vt. 194.

*Smith & Sloane* and *R. M Harvey* for the plaintiff.

A sealed instrument may be evidence in an action of assumpsit. *Colgrave* v. *Fillmore*, 1 Aik. 347; *Smith* v. *Smith*, 45 Vt. 433.

By the reference the defendant waived the right to object to the form of action. *Eddy* v. *Sprague*, 10 Vt. 216; *Maxfield* v. *Scott*, 17 Vt. 634; *Clifford* v. *Richardson*, 18 Vt. 620; *Hicks* v. *Cottrill*, 25 Vt. 80; *Briggs* v. *Oakes*, 26 Vt. 138; *Briggs* v. *Bennett*, 26 Vt. 146; *Granite Co.* v. *Farrar*, 53 Vt. 585; *Lycoming Ins. Co.* v. *Billings*, 61 Vt. 310; *Stebbins* v. *Ins. Co.*, 59 Vt. 143.

The opinion of the court was delivered by

START, J.   The action is assumpsit and the plaintiff
seeks to recover for services in sawing lumber, drawing
slabs, and for damages sustained by him by reason of the
defendant's failure to furnish slabs pursuant to his agree-
ment.   These items are all provided for in a written con-
tract under seal and from the facts reported by the referee,
we cannot say as a matter of law that the sealed instrument
has been changed or modified.

By the sealed instrument the plaintiff was required to saw
the lumber in question, the price to be paid therefor by the
defendant and time of payment being provided for therein.

Each party was to pay one-half of the expense of drawing
away the slabs and the defendant was to furnish the plaintiff
with slabs for use in his engine.   The referee has found
that the sawing was done under this contract; that the de-
fendant, under the contract, should pay one-half of the ex-
pense of getting the slabs away from the mill; and that the
defendant failed to furnish the slabs stipulated in the con-
tract.   From these findings, it is clear that the parties have
acted under the sealed contract, and that there has been no
modification of it.   There having been no subsequent parol
modification of the contract, and the plaintiff having per-
formed the service under the contract in reliance upon it,
and the omission of the defendant being an omission to per-
form and keep the covenants contained in the sealed instru-
ment, the action of assumpsit cannot be sustained.   The
plaintiff has a remedy by an action of covenant upon the
sealed contract, and having this remedy he cannot waive it
and bring assumpsit. *Myrick* v. *Slason*, 19 Vt. 121; *Camp*
v. *Barker*, 21 Vt. 469; *King, Fuller & Co.* v. *Lamoille
Valley R. R. Co.*, 51 Vt. 369; *Wood et al.* v. *Edwards et
al.*, 19 Johns. 205; *Codman* v. *Jenkins*, 14 Mass. 93.   In
*Myrick* v. *Slason, supra,* it is held that when a party has a

remedy by an action of covenant on a contract under seal, he is precluded from suing in assumpsit.

[This cause was referred by the agreement of the parties, and it is claimed by the plaintiff that by the agreement to refer the cause the defendant has waived all questions of variance and objections which he might have made to the form of the action, and that judgment should be rendered on the report, the court allowing him, if necessary, to amend by changing the form of action. It is only legally amendable defects in a declaration that a reference cures. *Sumner* v. *Brown*, 34 Vt. 194. The defect in the declaration in this case is in the form of the action; the action should have been covenant on the sealed instrument. An amendment that changes the form of action from assumpsit to covenant is not allowable. *Saville, Somes & Co.* v. *Welch*, 58 Vt. 683; *Waterman* v. *R. R. Co.*, 30 Vt. 610.]

*The pro forma judgment is reversed and judgment rendered for the defendant to recover his costs.*