Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment rendered: against Clay in an action of ejectment, brought against him by Mosely in the court below.
Two questions are made by the assignment of errors:
1. It is contended that the court below erred in instruct* ing the jury, that nothing passed by the deed of the commissioners to Clay. And
2. That the court erred in giving judgment for more than Mosely shewed title to.
The deed, which was decided by the court to have passed nothing to Clay, purports to have been executed by commissioners appointed under the act regulating the conveyance and division of lands, and the instructions appear to have been given by the court after the introduction of evidence hv Moseley, tending to shew that two of the heirs ’of Robert Mosely, to whom the land was patented, resided in this country at the date of the deed; and it is contended, that if, assuming the facts which the evidence conduced to prove, to be true, and the deed be admitted not to have been regularly given, yet it is urged that the court, by instructing the jury absolutely that nothing passed by the *361 deed, improperly took upon itself the decision of the fact as well as of the law, and for that cause it is insisted the judgment should be set aside.
pointed A deed from comre’is ap-under Ae act Sands^'íiní opcrative.uuless. founded hirrihoU di ¾ the title-
no^ ^ppeaaCr' ing, it was correct to inne(;]^' ingpassedby the deed, ^
, . , ment pursues the verdict, thattbejucij^ ment was for to? muell>no-cord to shew for how much
Bibb for appellant, Wickliffe for appellee,
Admitting the impropriety of courts, by their instructions, withdrawing from juries the trial of facts, yet, we are nevertheless unable to perceive any solid objections to the instructions complained of in the present case.
There is no doubt but that it was competent for the court to decide upon the legal operation of the deed, and had it been applied to before the introduction of the evidence which it decided upon, held inoperative. is contended the court ought not to have the deed should, most clearly, have been
For, although county courts are authorised to appoint commissioners for the purpose of conveying land in certain cases, it is perfectly clear that Clay altogether failed to shew that the conveyance obtained by him, is one of the character provided for by the law on that subject.
The bond exhibited by Clay on Thomas Moseley, certainly cannot have authorised the commissioners to convey the land of Robert Moseley; and the affidavit of Clay, stating he was the locator of the land, as it does not even tend to shew that he held a bond or other writing upon Robert Mosely, if otherwise competent, it most clearly fails to exhibit a claim manifested by such evidence of right, as to authorise a conveyance in the mode Clay’s deed was obtained.
If, then. Clay shewed no claim which can have author-ised the deed from the commissioners, although evidence may have been introduced by Moseley, yet as it conduced in no wise to prove such a claim, the court cannot have erred in their instructions to the jury. And with respect to the second question, it need only be remarked, that the judgment regularly pursues the verdict of the jury, for eight elevenths of the land described by the jury in their finding, and as there was no application for a new trial, and the extent of Moseley’s right to recover was in no other form presented for the decision of the court below, the judgment of that court must be affirmed with cost.