## WILLIAM P. BRIGGS *v.* THE VT. CENTRAL RAILROAD COMPANY.

### *Contract. Specialty.*

When a contract under seal is altered by the parties by a writing not under seal or by a verbal agreement, it becomes merely a simple contract, and the rights, liabilities and remedies of the parties thereafter are determined accordingly.

BOOK ACCOUNT. The only question in this case related to an item in the plaintiff's account for building a quantity of fence for the defendants. It appeared from the auditor's report that on the 5th of February, 1849, the plaintiff made a contract under seal with the defendants, to erect all the fence they required to be built in the County of Chittenden, within two years from that time, at a stipulated price per rod. The quality and height of the fence was specified in the contract. In August 1849, the parties, by a written agreement, *not under seal,* altered this contract in regard to the height of the fence. At the expiration of the two years within which the contract was to be performed, the plaintiff, not having completed it, applied to Gov. Paine, the president of the defendants, for an extension of time, and was told

by him to go on and complete the fence and that he should be paid for what he built after that time, at the rate stipulated in the original contract. The plaintiff accordingly proceeded and built a quantity of fence, which at the contract price amounted to a larger sum than the balance reported by the auditors as due the plaintiff, exclusive of interest.

Upon these facts, the county court, at the August Term, 1858, in Washington County, — BARRETT, J., presiding,—rendered judgment for the plaintiff for the amount reported by the auditors, to which the defendants excepted.

*Peck & Colby*, for the defendants, claimed that the item for building the fence was not a proper subject of charge on book ; and that it could only be recovered in an action declaring upon the sealed contract, and cited *Myrick* v. *Slason*, 19 Vt. 121 ; *Camp* v. *Barker*, 21 Vt. 470.

The plaintiff, *pro se*, with whom was *J. A. Wing.*

The alteration of the sealed contract on the 17th of August, 1849, by the written agreement not under seal, put an end to the sealed contract, and any action to recover for the fence built after that time should be brought on the new agreement, and might be either book account or assumpsit.

After the expiration of the two years for which the sealed contract was made, the plaintiff, under a parol agreement with Gov. Paine, that he should be paid thereafter the same as before, built fence more than sufficient to amount to the balance allowed the plaintiff by the auditors.

He surely could not have recovered for building this fence in an action upon the sealed contract, but would have been confined to an action of assumpsit or book account. The auditors might therefore apply the payments, made by the defendants, towards the fence built before the expiration of the two years, which would leave that done after that time unpaid for, and it was therefore a proper subject of allowance by them.

PIERPOINT, J. This is an action on book. The principal item in the plaintiff's account is a charge for building fence, and

the amount of it is much more than the balance found due to the plaintiff by the auditor, so that the controversy between the parties, here, arises upon that charge. It is insisted on the part of the plaintiff that this item should not be allowed, inasmuch as the original contract, under which the fence was constructed, was in writing and under seal. The general doctrine is well settled that the action on book is not the appropriate remedy to enforce a claim arising out of a contract under seal, but that this remedy is by action of covenant upon such contract.

The auditor reports that the fence built by the plaintiff was built under a written contract under seal, dated February, 5, 1849. Taking this fact by itself it would seem that the objection of the defendants is well taken, but, when the whole report is taken together, it is apparent that the auditors did not intend that this statement should be taken literally, as they also find that on the 17th day of August, 1849, the parties made a material alteration in the terms of such contract, which alteration was evidenced by a writing signed by the parties and not under seal, and that at the end of two years when the original agreement by its own terms was to expire, the parties, extended the time of performance by the plaintiff, by a verbal agreement, and that after this last alteration the plaintiff built a large amount of fence in pursuance of it, the contract price of which would amount to more than the balance (exclusive of interest,) that the auditor has found due. So that all the auditor can fairly be supposed to have intended, is that the fence was constructed under the original contract as subsequently altered and modified by the parties.

The question then arises, what is the effect of these alterations made in the contract.

The rule is well settled that when a contract under seal is subsequently altered by the parties by a writing not under seal, or by a parol agreement, the whole becomes a simple written or verbal contract, and the rights, liabilities and remedies of the parties are thence forward to be determined by the same rules as are applicable to all simple contracts.

It is apparent from the report of the auditor that the largest part of the fence built by the plaintiff, and more than he now

seeks to recover for, was actually constructed while the agreement between these parties in relation to it, rested wholly in parol. Such being the case, we see no reason why he should not recover in this form of action.

The judgment of the county court is affirmed.