## SAMUEL SMITH v. LUCIUS SMITH.

*Assumpsit. Contract. Enlargement of the Time of Perform-*
*ance specified in a sealed Instrument, by parol Agreement.*
*Waiver of Time of Performance. Damages. Recoupment.*

Where the time for the performance of a contract on the part of the plaintiff, specified in a sealed instrument, is enlarged by the parties by parol agreement, the form of remedy is assumpsit, and not covenant, or other action counting upon the contract as under seal.

The plaintiff contracted with the defendant, under seal, to build a highway in the town of S., (which was laid out for the special accommodation of the defendant, and which the defendant had contracted with S. to build), and to complete it, ready for the acceptance of the agents of S., within a specified time; but he did not complete it within the time. The defendant did not enlarge the time of performance, but suffered the plaintiff to proceed with the work after the expiration thereof—urged him to sublet a portion of it, which he might have done,—remonstrated against his delay,—notified him that he should claim damage therefor,—and was present on different occasions when the agents of S. accepted some portions of the road, and made no objection thereto, although some part of the road so accepted was built after the time of performance had expired. *Held*, that the defendant thereby waived his right to object that the plaintiff could not recover at all, because he had not performed the contract within the time, but that he was not thereby barred from insisting upon a deduction from the contract price on account of damage occasioned by the delay.

By the terms of said contract, the defendant was to pay the plaintiff one hundred dollars of the contract price, on the completion, and acceptance by said agents, of each one hundred rods of the road, and the balance on the completion and acceptance of the whole road. When this suit was commenced, a portion of the road had been accepted, and the remainder was completed in the manner required by the contract, but said agents had refused to accept the same, although they had had reasonable time and opportunity to do so. *Held*, that the plaintiff was not precluded from recovering for building that portion of the road not accepted, because of the wrongful refusal of said agents to accept it.

The defendant rented his house, situate on the line of said road, to a tenant, who relied upon the road's being completed according to said contract; and in consequence of the plaintiff's failure so to complete it, the defendant was compelled to deduct from the stipulated rent. *Held*, that the damage thus sustained was too conjectural and remote for allowance.

In consequence of the failure of the plaintiff to complete said road within the time stipulated, the defendant was compelled to construct a winter road for his use. *Held*, that the cost of constructing said road was a proper item of damages to be recouped by the defendant.

THIS was an action of general assumpsit, commenced on the 2d day of August, 1871. The case was referred, and the referee reported the following facts:

The defendant invested from ten to twelve thousand dollars in timber lands, and in the erection of a house, barn, mills and ma-

chinery thereon, about two miles and a half from the county road, down the Deerfield River, in Stratton, relying upon the assurances of leading men of the town that a public highway should be laid thereto. The town subsequently voted to build said highway, and on the 20th of October, 1868, the defendant contracted with the town to build the same, and on the 20th of May, 1869, he sublet the building thereof to the plaintiff, by contract under seal; whereby the plaintiff agreed to build the road as therein specified, in a thorough and workmanlike manner, and complete the same ready for acceptance by the agents of the town appointed for that purpose, before the first day of October then next; and whereby the defendant agreed to pay the plaintiff three dollars per rod for building said road, one hundred dollars thereof to be paid on the completion, and acceptance by said agents of the town, of each hundred rods of road, and all the balance thereof, on the completion, and acceptance by said agents, of the whole road; and whereby, also, each party agreed to pay the other all actual damages arising by reason of their non-fulfillment of said contract.

Said road was laid out and built for the especial accommodation and benefit of the defendant.

The plaintiff began work under said contract in June, 1869, but, by not employing sufficient help, and by suspending work to attend to his farm work, at the time when by the terms of his contract the entire road should have been completed, he had completed only one hundred rods thereof, though he had cut the timber and done some work on other parts of the route. The selectmen, who were agents for that purpose, accepted the one hundred rods thus completed, some time in the fall of 1869, up to which time the defendant had paid the plaintiff on said contract the sum of $128 07. In November, 1870, the selectmen accepted two hundred rods more of the road that the plaintiff then claimed was completed, though they and the defendant protested to the plaintiff that it was not constructed in a thorough and workmanlike manner. The defendant had then paid the plaintiff on said contract, the sum of $841.50. November 8, 1870, the plaintiff claimed that the remaining 478 rods of the road were completed according to the contract, and took off his teams; but the selectmen refused to accept this part of the road. May 6, 1871, the selectmen went upon the road with the parties, and indicated by stakes and memoranda, what further work they required, and on the 31st day of August following they were upon the road again, but finding that only a part of the work indicated by them had been done, again refused to accept said remaining part of the road. On the 7th of September after, the selectmen examined the road again,

and found it then not fully completed, but accepted it, upon the defendant's assurance that he would complete it according to their requirements made on the 6th of May, and filed the survey thereof in the town clerk's office, and the road was opened to the public.

After the selectmen declined on the 31st of August as aforesaid to accept the remaining 478 rods of road, the plaintiff notified the defendant that he should do no more work upon the road, insisting that it was done according to contract, and told the defendant if it was not complete, he might finish it; and the defendant did finish it soon after the 7th of September aforesaid, at a cost of forty-one dollars.

At the commencement of the trial, the defendant's counsel insisted that the action of covenant was the only proper action, and that this action of assumpsit could not be maintained; and, also, that no action could be maintained until the plaintiff's contract was completed, and the road accepted by the selectmen. The defendant's specification was offered and received as showing payments upon said contract for work, and not in offset to the plaintiff's specification. The defendant offered evidence tending to show, that though said road was accepted by the selectmen, it was not built in thorough and workmanlike manner as required by the contract, and that he suffered damage in consequence thereof, which he claimed should be recouped. The defendant also offered evidence tending to show that he suffered special damages in consequence of the road not being completed within the time specified in said contract, which he claimed should be recouped. The road was built in the manner required by the plaintiff's contract, with the exception of the two hundred rods accepted Nov. 8, 1870, which portion was not so built, in that the stumps and roots of trees were not removed from the road-bed. The referee reported that it was impossible for him to compute the damage this deficiency caused to the defendant, or how much less the road was worth for his purposes on that account; but found that it would have been worth one hundred dollars more to have brought that portion of the road up to the requirements of the contract. The defendant did not extend the time for the plaintiff to build the road, though he suffered him to proceed with the work after the expiration of the time specified in the contract, but urged him to underlet a part of the road to others, which he might have done, remonstrated against his delays, and notified him he should claim damages in consequence thereof.

In consequence of the road not being completed within the time specified in the contract, the defendant, in the winter of 1869–70,

was obliged to cut a winter road over a part of the route for his use that winter, and the labor of so doing was worth $23. The defendant was obliged to use, and did use, the road as fast as it was made passable.

In 1869, the defendant rented his house to one Hubbard, who relied upon said road being completed according to said contract; but on account of its not being completed, the defendant was obliged to discount to him fifty-two dollars, which was one half of the agreed rent. The defendant was present on the different occasions when the selectmen accepted the road as above stated, and made no objection to such acceptance.

The referee found a balance due the plaintiff of $1,128.77, subject to the opinion of the court as to the plaintiff's right to maintain this action, and as to the defendant's right to have said items of special damage deducted. The court, at the September term, 1872, WHEELER, J., presiding, rendered judgment, *pro forma*, for the plaintiff on the report, for $978.78; to which the defendant excepted.

The plaintiff excepted to the allowance to the defendant of said item of $100 which the referee found as the cost of finishing the 200 rods of road according to the contract, and of the item of $41 for work by the defendant in completing the 478 rods of road. It would seem from the exceptions that the court disallowed the item of $52 for loss on rent, and the item of $23 for constructing the winter road.

*Chas. N. Davenport*, for the defendant.

I. The plaintiff cannot maintain the action of assumpsit; the contract under which he built the road in controversy, is a sealed instrument. Hence, if the defendant has failed to comply with its provisions, the plaintiff's remedy is in covenant, if the sealed instrument is still a subsisting contract.

*a.* There is a class of cases where it is held, that if a contract under seal is not performed within the time limited by the contract, but that time is extended by a parol agreement, a recovery may be had in assumpsit for performance within the extended time. *Monroe* v. *Perkins*, 9 Pick. 298; *Lottimore et als.* v. *Horsen*, 14 Johns. 330; *Porter et al.* v. *Stewart*, 2 Aik. 417; *Sherwin et al.* v. *R. & B. R. Co.* 24 Vt. 347; *Barker et als.* v.

*Troy & Rut. R. R. Co.* 27 Vt. 766 ; *Dana et al.* v. *Hancock*, 30 Vt. 616 ; *Briggs* v. *Vt. Cent. R. R. Co.* 31 Vt. 211.

*b.* It is also settled in Vermont, that when there is an entire contract, under which labor has been performed upon the realty, though not strictly in accordance with the contract, a right of recovery exists upon *quantum meruit* for the labor, deducting such damages as may have been sustained by the failure to perform the work according to contract. *Dyer* v. *Jones*, 8 Vt. 205 ; *Gilman et als.* v. *Hall*, 11 Vt. 510 ; *Merrow* v. *Huntoon*, 25 Vt. 9.

*c.* These cases rest upon a supposed necessity, in order to prevent a party who has received the benefit of meritorious services, from gaining an unconscionable advantage. The case at bar does not fall within either of these classes. The defendant's realty has not been benefited. When the plaintiff brought his suit, the defendant had no right of action against the town of Stratton, because the plaintiff's contract had not been performed. The plaintiff had not completed the road *in the manner* he contracted to do it, and the agents of Stratton had refused to accept the road.

*d.* Nor can it be claimed that there was any parol agreement that the time of performance should be extended. The referee finds that the " defendant did not extend the time for the plaintiff to build the road, though he suffered him to proceed with the work after the expiration of the time specified in the contract." This finding has not a single element of a new contract.

II. The most that can fairly be claimed in behalf of the plaintiff from the conduct of the defendant is, that he *acquiesced* in the plaintiff's going on to complete the contract, after the time limited had expired. The defendant never said a word, or did an act, indicating a purpose to abandon the contract, or release the plaintiff from its performance. The contract was still subsisting, and when the plaintiff completed the road to the acceptance of the selectmen of Stratton, he had a right of action upon his covenant. *Myrick* v. *Slason et al.* 19 Vt. 121.

*a.* I am aware that this position conflicts with the case of *Porter* v. *Stewart*, 2 Aik. 417, which was decided on the authority

of *Little* v. *Holland*, 3 T. R. 590. The technicality upon which those cases stand, precludes parties from extending, by simple contract, the time of performance for a day, while it permits the rights, duties, and liabilities of the parties to be essentially changed, when nothing of the kind was ever contemplated by them. It is time so nonsensical a doctrine should be exploded.

*b.* But suppose I am in error, and that the plaintiff's remedy after the time expired, is in assumpsit, and not covenant; then I submit that his action is prematurely brought. The defendant has never, by parol or specialty, made himself the plaintiff's debtor, save *in the following manner:* "$100 on the completion and acceptance by the agents of the town of Stratton of each 100 rods of road, and all the balance on the completion and acceptance of the whole road by the agents of the town." The case shows that the defendant had paid the plaintiff on the contract $841.50, when he had procured the acceptance under protest of 300 rods of road. At the time the suit was commenced, 478 rods of the road had not been completed according to contract. The selectmen had, on the 6th of May previous, indicated, by stakes and memoranda, what further work they required to be done. August 31, 1871, the selectmen again visited the road, and finding only a part of the work required, done, they again refused to accept said 478 rods. The plaintiff refused to do more, and told the defendant if the road " was not completed, he might finish it." The defendant did finish it, and procured its acceptance, pending this suit. What more " unconscionable advantage" could be taken by a party than to permit an action to be sustained upon this state of facts ?

III. The provision of the contract, " and if either party fails to fulfill his part as agreed in the above agreement, then each party agrees to pay the other all the actual damages arising from such non-fulfillment," has never been waived or rescinded The report finds that the defendant " remonstrated against his delays, and notified him he should claim damages in consequence thereof." If the plaintiff is allowed to recover, his damages should be recouped.

*J. G. Eddy* and *A. Stoddard*, for the plaintiff.

1. The action of covenant cannot be maintained upon an agreement under seal to perform a certain piece of work at a specified time, unless the work be performed within the time, and strictly in accordance with the terms of the agreement. *Sherwin et al.* v. *R. & B. R. R. Co.* 24 Vt. 347 ; *Barker et al.* v. *T. & R. R. R. Co.* 27 Vt. 766 ; *Myrick* v. *Slason*, 19 Vt. 121.

2. When work has been performed by one party under a special contract, but not according to the strict terms of the contract, if the other party has derived a benefit therefrom, the law implies a promise on the part of the person receiving the benefit of the labor, to pay what the work is reasonably worth ; and this may be recovered in the action of general assumpsit. 2 Smith Lead. Cas. 20, 29 ; 2 Parsons Cont. 523 ; 2 Greenl. Ev. 84. And especially is this the case where, from the nature of the contract, it is impossible to put the parties *in statu quo ;* as, where labor has been performed upon land, and cannot be transferred to the party performing the same ; otherwise the party benefited would owe no equivalent, and the party performing the labor would be without any remedy. *Dyer* v. *Jones*, 8 Vt. 205 ; 2 Smith Lead. Cas. 29 ; *Gilman et als.* v. *Hall*, 11 Vt. 510 ; *Booth* v. *Tyson*, 15 Vt. 515. If the party for whom the work is performed, has adopted and accepted the work, his consent is presumed ; and if he knew the work was going on, and did not dissent, or prohibit it, his assent is presumed. The rule is the same though the contract be under seal. *Barker et als.* v. *T. & R. R. R. Co.*, *supra ; Sherwin et al.* v. *R. & B. R. R. Co.*, *supra ; Myrick* v. *Slason et als. supra*, per REDFIELD, Judge. The defendant was a sub-contractor, and hence the road was worth to him what he received, or was entitled to receive, from the town of Stratton.

3. The defendant by using the road thereby accepted it ; and having accepted it himself, cannot refuse to pay the plaintiff, even though the town of Stratton had not accepted it, nor paid defendant for it.

4. The court erred in allowing the one hundred dollars damages on the two hundred rods of road which was accepted by the town ; first, because the damage was too remote ; Sedgw. Dam.

77, 78 ; secondly, because defendant suffered no loss by reason of the road not having been made according to the contract.  Ib. 217, 219, 252.  So was the item of damages for cutting the winter road, too remote.

The opinion of the court was delivered by

PECK, J.   The objection interposed by the defendant's counsel, that the action should have been covenant instead of assumpsit, cannot prevail.   The contract was not performed on the part of the plaintiff within the time specified in the sealed instrument for such performance.   Where the time for the performance of a contract on the part of the plaintiff, specified in a sealed instrument, is enlarged by the parties by parol agreement, the form of remedy is assumpsit, and not covenant or other action count· ing upon the contract as under seal.   The referee finds that " the defendant did not extend the time for the plaintiff to build the road, though he suffered him to proceed with the work after the time specified in the contract ; urged him to underlet a part of the road to others, which he might have done ; remonstrated against his delays, and notified him he should claim damage in consequence thereof " ; and, among other things, he finds that the defendant was present on the different occasions when the selectmen accepted certain portions of the road, and made no objection ; some part of what they so accepted having been built after the time specified in the contract for completing the road. Although this does not bar the defendant from his right to insist on a deduction·from the contract on account of damage by delay, yet it is a waiver of his right to the technical objection to the plaintiff's recovering at all, merely because he did not complete the whole road by the time specified in the written contract. Under such circumstances, assumpsit is the appropriate remedy.

It is further objected on the part of the defense that the action was prematurely commenced.   The defendant's counsel bases this claim on the clause of the contract relating to the manner of payment ; that is, the clause in the contract in which it is stated that one hundred dollars is to be paid on the completion and acceptance by the agents of the town of Stratton, of each 100

rods of road, and all the balance on the completion, and accept-
ance of the whole road by the agents of the town. It is claimed
that the 478 rods of the 778 rods of the road, had not been com-
pleted at the commencement of the suit. One hundred rods was
completed and accepted in the fall of 1869, and two hundred
rods in November, 1870. The referee finds that the plaintiff
built the whole road in the manner required by the contract, ex-
cept the 200 rods accepted in November, 1870, as to which the
stumps and roots were not sufficiently removed ; that November
8, 1870, the plaintiff claimed that the remaining 478 rods of the
road was completed according to the contract, and took off his
teams, but the selectmen refused to accept this part of the road ;
and it does not appear that the plaintiff did any work on the
road after the commencement of the suit.

The refusal of the town to accept this part of the road after it
was completed according to the contract, till the defendant ex-
pended the $41 after this suit was commenced, will not defeat the
plaintiff's action. The contract between the parties is very spe-
cific as to the manner in which the road should be built ; and the
first 300 rods having been accepted, when the plaintiff had built
the last 478 rods of the road according to the specifications of the
contract, and especially after he had afforded a reasonable time
for examination and acceptance of it, he was entitled to his pay.
The plaintiff's right to compensation for building the road did
not depend on the actual acceptance of the road by the town or
its agents, the party in adverse interest. If so, by a wrongful
refusal to accept it, the plaintiff might be defeated altogether of
ever recovering any compensation. If his right to an action can
be postponed' by such wrongful refusal, it could thereby be de-
feated entirely. This objection to a recovery cannot prevail.

As to the amount the plaintiff should recover, the referee finds
the balance due the plaintiff on the basis of the contract price
for the construction of the road, eleven hundred twenty-eight
dollars seventy-seven cents, subject to the opinion of the court as
to the plaintiff's right to maintain this action, and as to the defend-
ant's right to have certain items of special damage deducted. It
is to be inferred from the exceptions from the amount of the

judgment rendered, that the county court allowed to the defendant the item of $100 on account of the defects in the 200 rods of road accepted in November, 1870, and the $41 for work the defendant performed upon the 478 rods, in order to induce the selectmen to accept it; and disallowed the $52 loss on rent of house, and the $23 cost of making the winter road in the winter of 1869–70. We think the $52 item is left, upon the facts reported, too conjectural and remote to be regarded as damages so far naturally or necessarily resulting from the delay in the completion of the road, as to be allowed as damages. The $100 which the referee finds it would have required to finish the two hundred rods of road accepted in the fall of 1870, the defendant could not have lost upon his contract with the town, as the town accepted that part of the road. But if the referee had found that this deficiency in this part of the road caused damage to the defendant to that amount, the defendant would be entitled to it. But when the referee simply finds on this point, that it is impossible for him to compute the damage this deficiency caused to the defendant, or how much less the road was worth for his purposes on this account, without saying, except by inference, that it was any damage, this court cannot assume any given sum as damage which he thereby sustained. The $100, therefore, must be disallowed. The item of $23, the cost of constructing the winter road by the defendant in consequence of the road not having been completed by the plaintiff by the time stipulated, is a proper item to be allowed as damages; for although the road the plaintiff contracted to make was a public highway, which the defendant had contracted with the town to construct, yet it was mainly to accommodate the defendant in reaching his tract of timber lands in connection with his business, which must have been known to the defendant, and hence this item of damage is of a character that must be regarded as in the contemplation of the parties at the time of the execution of their contract. As to the item of $41, for labor done by the defendant on the 478 rods of road, it is conceded by the plaintiff's counsel in argument that it was properly allowed to the defendant by the county court, and therefore nothing need be said in relation to it.

The result is that the judgment of the county court is reversed, and judgment rendered for the plaintiff for the same amount, with the exception that the $100 damages on the 200 rods of road, allowed by the county court, is not allowed to the defendant; and the $23, for making the winter road, not allowed by the county court, is allowed to the defendant.