JOHN P. DONAHOE *vs.* THE STAR PUBLISHING COMPANY, a corporation of the State of Delaware.

*Libel—Demurrer to Pleas—Pleading Specially—General Issue— Common Law—Truth of Imputation—Evidence— Statute; Construction of—Plea of Justification.*

1. The common law rules of pleading in relation to actions for slander and libel and the changes effected therein by legislation and the rules adopted thereunder, discussed.

2. The statute of *4 Anne., C. 16, Sec. 4,* permits the defendant to plead several distinct matters of defense to the whole or one and the same part of the plaintiff's demand, yet under this statute the defendant may not allege more than one ground of defense in one plea.

3. It became a settled rule in 1702 that the truth of the imputation should be pleaded *specially.*

4. It was necessary to plead the truth before and at the time of the passage of *Sec. 2, Chap. 449, Vol. 11, Laws of Delaware, (Rev. Code, (1893), 800).*

5. Prior to the passage of said act the truth when pleaded and given in evidence was not a defense in bar of the action, but was regarded only as a matter of mitigation.

6. The statute in order to make the truth available as a matter of defense requires the further broof that the libel was written or published properly for public information, and with no malicious or mischievous motives. By the statute the truth of the libellous matter is a justification only within the terms thereof.

7. The defendant in an action for libel, in order to avail himself of the full benefit of the statute, must, in addition to the plea of the truth, if he would offer evidence that the libellous matter charged in the declaration was " written or published, etc.," plead such additional matter specially.

8. What is necessary in framing a plea of justification of the truth discussed.

9. It is not sufficient to allege barely that the statements made in the supposed libel are true, nor is a reiteration of the libellous matters and an averment that they are true sufficient. The facts going to establish the truth of the imputation must be stated.

10. Matters which, when admissible, may be given in evidence under the general issue, may not be joined in a plea of confession and avoidance.

11. The plea of not guilty obliges the plaintiff to prove all the facts as alleged in his declaration, which are essential in law to his right of recovery; and such a plea

is proper and sufficient in all cases where the defendant means to deny or disprove any fact essential to the plaintiff's case.

12.　Privilege is not a defense to be pleaded specially.

13.　Statements in the supposed libel which are of common report are admissable under the general issue in mitigation of damages.

(*June 6, 1902.*)

LORE., C. J., and SPRUANCE and BOYCE, J. J., sitting.

*William S. Hilles* for plaintiff.

*J. Harvey Whiteman* and *Victor B. Woolley* for defendant.

Superior Court, New Castle County, November Term, 1902.

ACTION ON THE CASE, LIBEL (No. 54, November Term, 1900).

Demurrer to pleas (argued February 27, 1902; opinion delivered June 6, 1902).

BOYCE, J.:—This is an action for libel. The plaintiffs declaration with innuendoes contains three counts. We do not deem it necessary to set them forth. The defendant has pleaded the general issue and five special pleas to each of said counts. The material averments contained in said special pleas are in substance as follows, to wit:

"1.　That the plaintiff was at the time of the publication of the supposed libel a candidate for the nomination for the office of Representative in the General Assembly of the State of Delaware, and that the said statements made in the said supposed libel were, at and before the printing and publishing thereof substantially true, and the same were published in good faith for public information, and with no malicious or mischievous motives.

"2. That at the time and before the printing and publishing of the said supposed libel the said plaintiff was a candidate for nomination for the office of Representative in the General Assembly of the State of Delaware, and that the defendant had probable cause to believe, and did believe, that the statements contained therein were true, and that the said defendant was engaged in printing and publishing the newspaper in said declaration mentioned, which said newspaper circulated among the voters of said representative district, and was in duty bound to publish for the information of the voters of the said representative district what was believed, in good faith, to be true relating to the public character and conduct of the said plaintttff, and that the same were published in good faith in the said newspaper for circulation among the voters of the representative district wherein the said plaintiff was such candidate, and with no malicious or mischievous motives."

3. The third plea is stated substantially as is the second—the variance and principal averment therein being in effect that the matters in the supposed libel were of common report, and were printed and published without malice.

"4. That the statements made in the said supposed libel at and before the printing and publishing thereof were true.

"5. That the statements made in the supposed libel at etc., were true, and the same were published in good faith for public information and with no malicious or mischievous motives."

The plaintiff has demurred to each of the said special pleas, assigning numerous causes therefor. We shall consider only some of the more particular objections, and those in a general rather than in a specific manner.

But before proceeding to do so it may be well to advert to some changes which have been effected in the common law pleading in civil actions since we acquired our national independence, in

order that we may ascertain what were the established rules of pleading in relation to actions for slander and libel at that time; for the rules of evidence in such actions are confused because of a great contrariety of rules in the books respecting matters of pleading in such actions, by reason of many changes in the rules of common law pleading which have been effected by legislation and the rules adopted thereunder, both in this country and England

In no other State in the American Union has the common law system of pleading, as it had been developed and existed in England at the time of the separation of the American Colonies therefrom, been more strictly adhered to than here in Delaware. Important changes were effected in pleading generally by the pleading rules of Hilary Term (1834), promulgated by the judges at Westminister, pursuant to authority given them by *Acts 3 and 4 Will. IV., C., 42,* and even more radical changes were effected by procedure acts of Parliament, enacted thereafter. And in many of the States important changes have likewise been effected in the rules of pleading which prevailed at common law.

It is essential, therefore, that we disregard any changes in pleading in actions for slander and libel which these procedure acts and rules may have effected, confining our inquiry to the system of common law pleading as it existed at the time of our independence, except in so far as it may have been changed or modified by constitutional or statutory provisions of this State.

The common law rule confined the defendant to a single plea consisting of a single matter of defense. But the statute of *4 Anne (1706) C., 16, Sec. 4,* which provides that "it shall be lawful for the defendant, or tenant, in any action or suit, or for any plaintiff in replevin, in any court of record, with leave of the Court, to plead as many several matters thereto as he shall think necessary for his defense", allows the defendant to plead several distinct matters of defense to the whole or one and the same part of the plaintiff's demand. Yet under this statute the defendant may not allege more than one ground of defense in one plea. Each plea must be

single, as by the rule of the common law. *Gould's Plead., Chap. 8, Part 1, Secs. 18 and 19.* Before that enactment, and at least prior to the case of *Underwood vs. Parks, 2 Strange 1200, (1702)*, the truth, in mitigation of damages, might be given in evidence under the general issue, on the ground that an essential ingredient —the falsity of the imputation—was wanting; but it was said in that case that "at a meeting of all the judges upon a case that arose in the Common Pleas, a large majority of them had determined not to allow it for the future, but that it should be pleaded, whereby the plaintiff might be prepared to defend himself, as well as to prove the speaking of the words. That this was now a general rule amongst them all, which no judge would think himself at liberty to depart from; and that it extended to all sorts of words, and not barely to such as imported a charge of felony." Thus it became a settled rule that the truth of the imputation should be pleaded specially—such a defense being regarded by some as collateral to the cause of action, while others hold that it goes to the essence of the wrong—the falsity of the imputation. It has been said that this rule was established from motives of public policy and convenience rather than from strict rules of pleading. After it had become settled that the truth should be specially pleaded, it is not altogether clear whether in the case of an action for libel such a plea was still regarded as anything more than a matter of mitigation. In *Rex vs. Roberts, 8 Geo. 11, (1735)*, it was said by Lord Hardwicke, "It is said that, if an action was brought, the fact, if true, might be justified; but I think that is a mistake. Such a thing was never thought of in the case of *Harman vs. Delany, (2 Stange, 898)*. I never heard such a justification in an action for libel even hinted at; the law is too careful in discountenancing such practices; all the favor that I know truth affords in such a case is, that it may be shown in mitigation of damages." Mr. Starkie in his treatise on Slander at page 233, (2 Ed.), referring to this and another case case cited by him, says the dicta of the learned judges cannot be but understood as spoken with reference to the criminal

proceeding before them, and therefore as no authories in respect of an action; and he cites Holt, C. J., and others, to the effect that a man may justify in an action for words, or for a *libel*. In notes by Wendall on the same page of Starkie, he says: "In the time of Lord Hardwicke it was denied, not only by him but by others, that the truth could be given in evidence in bar of a recovery." And again on page 235 of the same treatise, he says: "Until 1792, when the Judges of England gave their opinion in Parliament upon questions put to them on the Libel Bill, the only authorities for the position that a defendant might plead the truth of a libel in justification were the dicta of Hobart, C. J., in *Lake vs. Hatton*, (*Hob. R. 235*), and Holt, C. J., in an anonymous case, (*11 Mod. 99*), and in the acquiescence of the bar and the Court in *J'Anson vs. Stewart, 1 T. R., 748.*"

Whether the truth was thereafter regarded as a plea in bar of an action for libel is not now, perhaps, for the purpose of this case, important. It had unquestionably become a distinct plea, permissible with the plea of not guilty, and it was required to be specially pleaded. The plea itself and the requirement that it should be so pleaded is manifestly recognized in *Sec. 2, Chap. 449, Vol. 11, Laws of Delaware, (Revised Code, (1893), 800)*, which provides: "That in actions for damages for the writing or publishing of a libel, when the truth is pleaded and given in evidence, if it be found that the same was written or published properly for public information, and with no malicious or mischievous motives, the jury may find for the defendant, or defendants." We may reasonably conclude from what we have shown to be the state of the law upon the question whether the plea of the truth was a plea in bar at the time of the passage of said act, and from the language employed in the act itself, that such plea had not theretofore been regarded as a plea in bar. For the truth when pleaded and given in evidence is not a defense in bar of the action. The statute requires the further proof that the libel was written or published properly for public information, and with no malicious or mischievous motives, in order

to warrant the jury in finding for the defendant under such plea and evidence. The statute does not in any respect abridge the right of the defendant to make any defense which he could have made before at the common law, *Ins. Co. vs. Croasdale (6 Houst.,194)*.

The right of the defendant to give the truth in mitigation of damages before and after it had been required to be specially pleaded had existed for a long time before the passage of the act. But, by the statute, evidence of the truth was not to be a justification *unless* on the trial it should be made satisfactory to the jury that the libel was written or published properly, &c. The truth of the libellous matter is a justification only within the terms of the statute. Whether, where the truth is pleaded and given in evidence, which plea confesses the facts alleged by the plaintiff, and it is then sought to avoid them by additional matter within the terms of the statute, viz: that the same were written or published properly for public information, and with no malicious or mischievous motives, evidence that the same were so written or published is available under the general issue, or whether such additional matter must be pleaded specially before evidence thereof can be received, presents a question upon which there seems to be considerable doubt and uncertainty. The additional matter which the defendant must prove when he pleads the truth and offers evidence thereunder, in order to operate as a full defense, resembles a justification founded upon the truth of the publication, for though the defendant does not show by the production of such evidence that the facts imputed are true, yet he seeks thereby and in connection therewith to show that the facts which he confesses to be true by his plea of the truth were written or published within the terms of the statute and thereby, at least, confesses the publication of the libellous matter charged. And as the weight of authority seems to regard the truth of an alleged libel as a collateral ground of justification or excuse within the words of the statute, it would seem that proof of such additional matter which is necessary under the statute to constitute a complete excuse for the publication, should likewise be regarded as collateral

to the cause of action. The question thus presented seems to re-solve itself mainly into the consideration whether the Court will deem it proper, on principles of convenience, to adhere to the ancient rule of law, according to which it seems that such a collateral ground of defense ought to be specially pleaded, or will relax the rule in the present case, as has been done in many others. In the first place, the defense is founded upon considerations of external policy, for, when it has been established, it does not destroy or con-tradict any matter which is essential to the cause of action, or which the plaintiff would be bound to prove under the general issue. Such a defense admits a publication of noxious matter, and the malice of the publisher, however inveterate, is wholly immaterial. According, therefore, to the general and elementary principles of pleading, a justification of this nature, which confesses the facts alleged by the plaintiff and avoids them by additional matter, ought to be pleaded specially. (*1 Starkie on Slander, 470*). In a note by *Wendall, Ibid, Vol. 1, 456*, it is said: "Whether, under the plea of the general issue the defendant may show that the publication is a *true* and *faithful* account *of a judicial proceeding*, or *must* plead the facts specially to enable him to give the proof is, perhaps, questionable. Learned judges have doubted upon the question (*Curry vs. Walton. 1 Bos. and Pul., 525*); and the able author of this most valuable treatise had serious difficulty in making up his mind in reference to it (*Ibid, Vol. 1, 468, etc*). The most prudent course, therefore, as the question still remains undecided, probably is to plead it specially." * * * (See *1 Chitty on Plead, 485*). "Such a defense," says Mr. Starkie, (*Vol. 1, 470*) "differs most es-sentially from all, where the occasion of speaking or publishing enures, *prima facie*, as a protection to the defendant, and throws it on the plaintiff to prove actual malice, for then, as has already been observed, the defense not only *may*, but *must*, be offered in evidence under the general issue, and cannot be pleaded specially, because there the occasion does not supply an absolute bar to the action; the defense in question, on the other hand, operates as a

peremptory bar to the action, and, at all events, may be pleaded specially." He further says,(*Ibid. 472*) : " The practice has been, with a few exceptions, to plead such a defense specially. Considerations of policy and convenience concur with the ordinary practice." We have come to the conclusion, with feelings of some hesitancy, that the defendant, in an action for libel, in order to avail himself of the full benefit of the statute of this State must, in addition to the plea of the truth, plead such additional matter specially.

It is alleged in the first plea, with other matters, that the said statements made in the said supposed libel were "substantially true,'' and it is likewise alleged in the fourth and fifth pleas that they were " true."

And this brings us to the consideration of the sufficiency of these three pleas as pleas of justification of the truth.

Every justification pleaded must expressly or tacitly confess the act which it is intended to justify.

*Gould's Plead, Chap. 6, part 2, Sec. 111 ; Taylor vs. Cole, 3 Tr., 298.*

Mr. Chitty says, (*1 Chitty's Plead., 494.* See also *Ibid, 496*) ; " In framing a plea of justification of the truth care must be taken to observe the following rules :

" 1st. It is necessary, although the libel contain a *general* imputation upon the plaintiffs character, that the plea should state *specific* facts, showing in what particular instances, and in what exact manner he has misconducted himself." (See *Townsend on Libel and Slander*, *355, 356,* and *1 Starkie on Slander, 475, 476, etc*).

" 2dly. The matters set forth by way of justification should be strictly conformable with the slander laid in the declaration, and must be proved as laid, at least in substance." (See *1 Starkie, 480*).

" 3dly. If the matter of justification can be extended to the whole of the libel or slander, the plea should not be confined to

part only, leaving the rest unjustified." (See *1 Starkie, 484*. Also see *Holmes vs. Catesby, 1 Tont., 543; Van Ness vs. Hamilton, 19 Johns., 368*).

We may add that the substance of these rules has not been affected by our act of Assembly of 1857.

Where in an action for a libel which purported to be a report of a trial, the defendant pleaded that the supposed libel was *in substance* a true account and report of the trial, it was held, upon demurrer, that the plea was bad, for it should have shown *the facts*, so that it might appear on record whether the reports were true in substance, and should not have stated the mere inference or conclusion which *the defendant* drew from that which transpired at the trial. (*1 Chitty Plead., 495*, citing *4 B. & C. 473; 6 D. & R. 528 (S. C.)*; also see *1 Starkie on Slander, 485*, and *2 Saunders on Plead. and Ev., 803*). The first plea is, therefore, for the last stated reason, bad.

To a declaration for a libel, described as contained in the report in a newspaper of a magisterial inquiry, a plea that the several matters and things in the supposed libel contained were true, it is bad, because it is uncertain whether it means that the report in the newspaper was a true report of the proceedings, or that the facts mentioned in it were true; and if the latter were the meaning, then the plea is too general. (*1 Chitty Plead., 496*). It is not sufficient to allege barely that the statements made in the supposed libel are true, nor is a reiteration of the libellous matters and an averment that they are true sufficient. The facts going to establish the truth of the imputation must be stated. The fourth and fifth pleas are likewise bad. We may further say that the attempted justification in the said first, fourth and fifth pleas does not (1) sufficiently confess the act or acts intended to be justified; and (2), the defendant does not thereby set forth the charges against the plaintiff with that degree of certainty and precision required in a plea justifying the truth, in order that the plaintiff may know what

particular facts the defendant will attempt to establish by evidence at the trial to support his said plea; (3) under these pleas as framed the Court cannot be sure that the plaintiff knows what statements are alluded to.   The defendant ought to state them specifically in order that the plaintiff may be given an opportunity to reply· (*Stiles vs. Nokes, 7 East., 492; Holmes vs. Catesby, Supra. Van Ness vs. Hamilton, Supra*).

The second plea contains statements of probable cause and of privilege, and negatives malicious and mischievous motives.   This plea is manifestly against the rule in pleading which seeks to enforce a single issue upon a single subject of defense.   It combines matters which, when admissible, may be given in evidence under the general issue with matters in confession and avoidance, which must be pleaded specially.   It is, therefore, bad.

We may now consider in a general way what facts and circumstances may, at the common law, be given in evidence under the general issue.   And this is quite important in view of the many changes which have been effected in the rules of pleading and evidence by reason of statutory provisions enacted for that purpose. For, under the common law system of pleading and procedure as it existed at the time of our separation from England, many matters of defense in civil actions for slander and libel, including circumstances of mitigation, and which could not be pleaded specially, might be given in evidence under the general issue, but which are now, under procedure acts and rules, required to be pleaded specially.   The plea of not guilty obliges the plaintiff to prove all the facts as alleged in his declaration, which are essential in law to his right of recovery; consequently the plea of the general issue is proper and sufficient in all cases where the defendant means to deny or disprove any fact essential to the plaintiff's case.   (*1 Starkie on Slander, 454; 1 Chitty Plead., 492; Townsend on Slander and Libel, Sec. 403; 2 Saunder's Plead., 801 and 802*). If the immediate occasion and circumstances of the publication be such as to exclude the plaintiff's action altogether, without regard to the ques-

tion of motive or intention, the general issue is a sufficient plea; for then the defendant has not acted wrongfully or maliciously in a legal sense; in other words, the occasion rebuts the inference of legal malice, which is essential to the action. So it seems that in all cases where the circumstances and occasion of the speaking the words, or publishing the libel do not furnish an absolute bar to the action, without regard to the defendant's motive and intentions, but merely throw it on the plaintiff to prove the malice in fact, the defendant cannot plead such occasions and circumstances specially, but must plead the general issue; for such facts do not supply an absolute bar to the action, but merely a continual one, the condition being the absence of express or actual malice, which is always a question for the jury. (*1 Starkie, 455, 456, 457*). Such facts, therefore, cannot be pleaded specially, and such a plea would be bad in point of law; for every plea ought to disclose such facts as, if they be true and stand uncontradicted and unqualified, supply an answer to the action. But in the class of cases alluded to, all the facts might be true and yet, by reason of the existence of express malice, they would afford no answer to to the action. (*1 Starkie, 458*). It will be seen, therefore, that it is the essence of mitigating circumstances that they do not constitute a complete defense to the action. Such mitigating circumstances and evidence which tend to disprove malice, and not tending to establish the truth of the imputation, are admissible under the general issue, and cannot be pleaded specially.

*Parke vs. Blackiston, 3 Harr., 373 ; Rice vs. Simmons, 2 Harr., 309 ; notes Kinney vs. Hosea, 3 Harr., 399-400.*

There is authority which permits the defense of privilege to be pleaded specially, but in the case of *Lilly vs. Price, 1 Neville, and Berry, 26,* Lord Denman said: " We are all of opinion that this defense does not require to be pleaded specially. It goes to the very root of the action. It shows the party not guilty of malice." See *5 Adolph & Ellis, 645 ; Hastings vs. Lusk, 22 Wend., 416 ; 5 Dowl., 432 ; Richards vs. Boutton, 4 Up. Can. Q. B. Report*

*O. S., 95 ; Abrams vs. Smith, 8 Blackf., 95 ; Stamus vs. Finley, Jr. Rep. 8, Com. Law, 264 ; Prel. Dis. 82, 1 Starkie.*

We fully concur in the opinion expressed by Lord Denman, and hold that privilege is not a defense to be pleaded specially.

*Butterworth vs. Conrow, 1 Mar. 361.    Cameron vs. Corkran, 2 Mar., 166.*

Evidence under the averment contained in the third plea to the effect that the statements in the supposed libel were of *common report* is clearly admissible under the general issue in mitigation of damages.

*Notes Kenny vs. Hosea., 3 Harr., 399.*

*Notes Del. F. & M. I. & S. Co. vs. Coverdale, 6 Houst., 194 ; Naylor vs. Ponder, 1 Mar., 408 ; Morris vs. Barker, 4 Harr., 520.*

The rule in pleading is that matters which amount to the general issue cannot be pleaded specially.    Hence the third plea is likewise bad.

For the reasons assigned, the demurrer to each of said special pleas is sustained.