### GULF, C. & S. F. RY. CO. et al. v. CITIES SERVICE CO. et al.

(District Court, D. Delaware. November 26, 1920.)

#### No. 1.

1. **Pleading �köö364(1)—Irrelevant matter in common-law declaration.**

   A declaration *held* to contain superfluous, irrelevant, and immaterial matter, subject to a motion to strike out, under the common-law system of pleading in force in Delaware.

2. **Pleading �köö310—Exhibit no part of common-law pleading.**

   An exhibit is no part of a pleading in an action at common law.

3. **Action �köö2—"Cause of action" defined.**

   A "cause of action" consists of a fact, or a state of facts, to which the law, or principle of law, sought to be enforced against a person or thing, applies.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cause of Action.]

At law. Action by the Gulf, Colorado & Santa Fé Railway Company and another against the Cities Service Company and another. On motion to strike out parts of declaration. Sustained.

John Biggs, of Wilmington, Del., for plaintiffs.
George N. Davis, of Wilmington, Del., for defendants.

MORRIS, District Judge. This is an action at law instituted by summons in case. A declaration, consisting of a single count 20 pages in length, has been filed. The defendant now moves for an order striking out certain parts thereof upon the ground that such parts are superfluous, irrelevant, and immaterial, and consist largely of matters of evidence and not of facts, as that word is understood in pleading.

[1] The common-law system of pleading as it existed in England at the time of the American Revolution is the system of pleading in use in Delaware to-day, with the exception of certain changes in detail, rather than in fundamentals, made by constitutional or statutory

---

⊬For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

provisions of the state. The changes in pleading in England effected by the pleading rules of Hilary Term, 1834, and by subsequent acts of Parliament, were not here adopted, nor has the system of code pleading in use in many of the states of the Union affected the common-law system of pleading in this state. The standard treatises upon common-law pleading may be looked to as furnishing the guide to a solution of questions with respect to pleading in the law courts of this state. Donahoe v. Star Pub. Co., 3 Pennewill (Del.) 545, 53 Atl. 1028; Woolley's Del. Prac. § 340. By virtue of section 914 of the Revised Statutes of the United States (Comp. St. § 1537) the system of pleading in force in the law courts of the state of Delaware is the system of pleading to be used on the law side of this court.

It may be helpful to consider the declaration in its relation to the general administration of justice, rather than to confine such consideration solely to the constituent and narrower field of pleading. Logically considered, and speaking generally, the trial of every case involves the drawing of a proper conclusion from the premises of a syllogism of which the major premise is a principle of law and the minor premise is a fact or combination of facts, or if the premises, or either of them, be uncertain, the trial involves the definite ascertainment of one or both premises, as the case may be, as well as the drawing of the conclusion therefrom when the premises are definitely ascertained. As our government is a government of laws, and not of men, and no power to enact or otherwise make laws has been conferred upon the courts, the major premise of the syllogism must be found in the body of the written or unwritten law. The duty of the court, aside from that of making findings of law or fact, or both, consist in drawing the conclusion from the premises of the syllogism, or, otherwise stated, in making a proper application of the principles of the law to facts found or admitted.

[3] Such facts, which constitute the minor premise of the syllogism, are, in a case properly pleaded, first found in the pleading required to state the cause of action. A cause of action consists of a fact, or a state of facts, to which the law, or principle of law, sought to be enforced against a person or thing, applies. In the common-law system of pleading the facts constituting the cause of action, the minor premise of the syllogism, must, in actions in case, be set up in the declaration. The declaration may not consist of conclusions of law, for it is the function of the court to draw conclusions of law from established facts. The duty of the parties to the action is to allege in the pleadings the facts constituting the cause of action or the defense, and to prove at the trial by proper evidence those not established by presumptions, by fiction of law, or by the admissions, express or implied, of the pleadings. Pleading conclusions of law assumes what must be proved. Such a course would evade a trial of the facts, upon which the conclusion must be based and upon which it depends for its soundness.

"But," says Brumbaugh in his work on Legal Reasoning and Briefing (page 69), "there is also a danger from the opposite extreme. To evade a world of abstractions, only to plunge into a labyrinth of details, is assuredly an equal

process of folly. The case has its roots in wide areas of circumstantial detail. Should these details be pleaded in full? Obviously not, for just as much uncertainty as to the points upon which the case turns will ensue from pleadings loaded down with a deluge of details as from the other extreme. Clearly, then, there is only one logical recourse, and that is a middle ground. * * * Plainly, therefore, the facts which must be alleged in order to raise a rule of law are the facts which are described as the 'ultimate facts,' for they are ultimate in the sense that they must be proved, while the chain of facts, or circle of facts, or both, which constitute their penumbra, constitute the body of evidence by which such proof is to be made."

At page 387 he adds:

"Thus, where the primary issue of law and the final issue, or issues of fact, are separated by intermediary links, the law provides that the pleadings allege expressly neither the one nor the other, but the *ultimate* facts, which in such a case are the issues next in order below the primary issue itself, holding that the issue above is a conclusion of law and the issues below are evidentiary."

There is much authority in support of the position above stated by Mr. Brumbaugh. In Dowman's Case, 9 Rep. 9, b, it is said that—

"Evidence shall never be pleaded, because it tends to prove matter in fact, and therefore the matter in fact shall be pleaded."

Both Mr. Chitty in his work on Pleading (volume 1, p. 225), and Mr. Stephen in his book upon the same subject (page *346), refer to this rule as one of great importance, yet so elementary and so well observed in practice as not to have become frequently the subject of illustration by decided cases. The remedy for flagrant violation of this rule is by motion to strike out the improper matter. Perry's Common Law Pleading, p. 413; Stephen on Pleading, p. *424.

In the brief submitted on behalf of the plaintiff it is said:

"In Chitty's Pleading, vol. 1, p. 376, it is stated that before the Hilary rules the pleader could frame the body or substance of the declaration in such order and language as he deemed preferable."

But in my copy of that work, being the fourteenth American edition from the sixth London edition, I do not find such an unqualified statement. In fact, I do not find at page 376 anything touching the matter. On the other hand, at pages 287, 288, I do find the following:

"After the *commencement* of the declaration, the *body* or statement of the *cause of action* follows in natural order, and which in every description of action consists of *three different points*, viz. the *right*, whether founded upon contract or tort independent of contract; the *injury* to such right; and the consequent *damages*. In stating such of these, all the requisites of certainty and other points before noticed must be observed.

"Keeping in view and subject to those *general requisites*, every pleader was, before the very recent pleading rules, at liberty to frame the body or substance of every declaration in such order and language as he might consider preferable. He was not, however, allowed vexatiously to insert any superfluous, impertinent, or extraneous matter, as, in an action on a mortgage deed, a long description of the mortgaged premises, or covenants, of which no breach was assigned, and if he did so, or inserted numerous counts substantially alike, the courts, in virtue of their general jurisdiction, might, on summons or motion, order the unnecessary matter to be struck out."

An analysis of the declaration is unnecessary, for unquestionably many pages thereof contain, not allegations of ultimate facts, but only statements of evidence, thereby producing uncertainty and confusion. Such a declaration is, in my opinion, a substantial violation of the rules of pleading just considered.

[2] In addition to the 20 pages of pleading above referred to, there are annexed to the declaration five exhibits, containing in the aggregate 50 pages. The defendant's motion to strike also embraces these exhibits. An exhibit is no part of a pleading in an action at common law. Where an action is founded upon a sealed instrument, such instrument should be pleaded by its tenor or according to its legal effect. State, Use of Herdman, v. Houston, 1 Har. (Del.) 230; Trustees New Castle Common v. Stevenson, 1 Houst. (Del.) 451. If the action is founded upon a contract or conveyance, which at common law is valid without deed or writing, the declaration need not count upon or take notice of the writing. In such cases the writing is regarded merely as evidence. Gould's Pleadings, c. 4, § 43. A writing simply referred to and annexed as an exhibit will be stricken out on motion as impertinent and irrelevant. Oh Chow v. Hallett, Fed. Cas. No. 10,469; Fitch v. Cornell, Fed. Cas. No. 4,834. While a Delaware statute (Rev. Code of 1915, § 4170) authorizes a copy of the instrument of writing upon which the action is brought to be filed with the declaration for certain purposes, this statute seems to have no application to the exhibits in question.

The filing of such a declaration as that in this case is explained only by the fact that it was drawn and prepared, not by a member of the bar of this district, familiar with common-law pleading, but as a statement of claim by a member of the bar of a state in which code pleading is in force. A strict enforcement of the rules of pleading would require an order striking out many parts of the declaration, but as the matter is now in charge of a member of the local bar learned in the principles of common-law pleading and skilled in their application, no order will be made within 10 days from the filing of this opinion, thus affording the plaintiff an opportunity to obtain leave to file and to file an amended declaration in keeping with the system of common-law pleading which prevails in this district.