## HUYLER'S v. RITZ-CARLTON RESTAURANT & HOTEL CO. OF ATLANTIC CITY.

(District Court, D. Delaware. September 8, 1924.)

No. 4.

**1. Contracts ☞164—Rule as to considering together all instruments executed at same time.**

The principle that instruments executed at same time by same parties for same purpose and in course of same transaction are considered as one, and receive same construction as if embodied in one instrument, is merely rule of construction to give effect to intent of parties, and provisions of one instrument are not thereby imported bodily into another, and a specialty is not converted into a simple contract, or a simple contract into a specialty.

**2. Landlord and tenant ☞48(1)—Right of action for breach of obligations held in covenant and not in case.**

Where agreement required tenant to vacate premises in consideration of landlord's agreement to pay specified sum of money and lease store property in adjoining building, which landlord agreed to construct, and copy of proposed lease was annexed, and on same day a simple contract, modifying proposed lease and giving tenant certain rights not covered by lease, and a lease under seal were executed, but landlord never constructed the contemplated building, tenant's cause of action rests wholly on the lease, and action for its breach must be in covenant and not in case.

At Law. Action by Huyler's against the Ritz-Carlton Restaurant & Hotel Company of Atlantic City. On motion to strike declaration. Motion granted.

H. H. Ward (of Ward, Gray & Neary), of Wilmington, Del., for plaintiff.

Robert H. Richards, of Wilmington, Del., for defendant.

MORRIS, District Judge. Relying upon Woolley's Delaware Practice, §§ 431–435, and Gulf, C. & S. F. Ry. Co. v. Cities Service Co. (D. C.) 270 Fed. 994, the defendant moves that the declaration filed in this suit at law of Huyler's against "the Ritz-Carlton Restaurant & Hotel Company of Atlantic City" be stricken out upon the ground that there is a variance between the writ, which is in case, and the declaration, which, as the plaintiff contends, sets up facts that may be pleaded only in an action in covenant. The plaintiff, without questioning the mode by which the defendant objects to the asserted variance, takes the position that case, and not covenant, is the proper remedy for the injuries alleged, and that consequently there is no variance.

The facts set out in the declaration which give rise to these antagonistic views are that, while the plaintiff was tenant in possession under a long-term lease from Eden Company of a portion of a building in Atlantic City, where it maintained a retail store for the sale of its candies and other products, the defendant, with the intention and purpose of erecting on the site a large hotel, purchased the property occupied in part by the plaintiff. The defendant likewise purchased other property in the adjoining block. Soon thereafter, on March 6, 1920, the parties entered into an agreement under their respective corporate seals with respect to the vacation of the leased premises and the surrender of the leasehold by the plaintiff. The defendant agreed to pay to the plaintiff a specified sum of money and to lease to the plaintiff a store property in the adjoining block, upon which it was recited that the defendant intended to erect without delay a "building comprising stores, a theater, an arcade, and a bathing establishment." The plaintiff agreed to surrender to the defendant possession of the premises then in the occupancy of the plaintiff upon full performance by the defendant of its covenants. A copy of the proposed lease was annexed to the agreement. Upon the same day, March 6, 1920, a lease for a store property in the adjoining block was made under the corporate seals of the respective parties. Therein the defendant covenanted that it would promptly erect on the site in the adjoining block "a building comprising stores, a theater, an arcade, and a bathing establishment," in accordance with a blueprint theretofore furnished to the plaintiff. The specified term of ten years was to begin "at the date of completion of said building as certified by the architect's certificate, and commencing in any event not later than the 1st day of May, 1921, on or prior to which date the lessor warrants said building will be completed." The defendant further covenanted (second paragraph, page 5) "that throughout the said term, and renewal, if any, the lessee shall have the exclusive right to sell candy, soda, and appurtenant articles, within the building containing the leased premises, including the arcade, stores, and all other portions thereof."

Simultaneously with the execution and delivery of the lease the defendant executed and delivered to the plaintiff a further agreement as follows:

"March 6th, 1920.

"Huyler's, 136 East 18th Street, New York City—Dear Sirs: In consideration of elimination from the proposed lease, this day executed, of the word 'theater' in the second paragraph on page 5, so that you as lessee have not the absolute right to the ex-

clusive sale of your candy in the theater to be erected upon the premises, we hereby agree that, if said theater is at any time or times during the term operated by this corporation, you shall have said exclusive privilege, in which case your sales therefrom shall be included with your other sales in the premises in calculating your rent. If, on the other hand, we should let the theater to be operated by some other party, we undertake to use our best endeavors in good faith to induce said party operating the theater to accord you the said privilege upon a 10 per cent. basis. Yours very truly, for and on behalf of Ritz-Carlton Restaurant & Hotel Company of Atlantic City, Wm. Harris, President."

Soon thereafter the plaintiff vacated the premises occupied by it and surrendered the possession thereof to the defendant. The defendant, however, as it is alleged, has failed and refused to perform its "covenants and agreements and warrants," or any of its obligations or covenants under the lease, has failed and refused to give plaintiff possession thereunder, and has failed and refused to construct and erect a building "as provided in said agreement and lease, or even to commence the construction thereof." Special damages are claimed, and facts are pleaded to show how such damages arose.

Before it can be determined whether the facts pleaded disclose an action in covenant or in case, it must first be determined what constitutes the cause of action—what rights of the plaintiff have been violated. The plaintiff expressly denies that the action is founded on fraud or deceit. Its contention is that its rights, which have been violated, spring from all three of the contracts, and that the contracts, having been made on the same day, between the same parties, with respect to the same general subject-matter, must be considered and construed as one.

[1, 2] It is true that the principle by which instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction are considered as one, and receive the same construction as if embodied in one instrument, is of wide application and the illustrative cases are many. Elliott on Contracts, § 1522; 6 R. C. L. 851; 13 C. J. 528. But at most that principle is merely a rule of construction to give effect to the intent of the parties. The provisions of one instrument are not thereby imported bodily into another. The application of the rule does not result in actual consolidation of the several contracts. It does not convert a specialty into a simple contract, or a simple contract into a specialty. Each of several instruments may be construed in the light of the others, without their being considered as one for all purposes. Moreover, considering several instruments as one is not the natural construction, and is resorted to only to effectuate the intention. They may be intended to be separate instruments and to provide for different things. Barker v. Sartori, 66 Wash. 260, 264, 119 Pac. 611; Thorp v. Mindeman, 123 Wis. 149, 101 N. W. 417, 68 L. R. A. 146, 107 Am. St. Rep. 1003, 6 R. C. L. 852. To effectuate the intention of the parties in the case at bar I think that it is not necessary to consider the three instruments as one.

Moreover, plaintiff's cause of action, as I see it, rests not on all three instruments, but on the lease alone. The primary agreement has been fully executed by both parties. The defendant undertook thereby to do nothing that it has failed to do. It is true that the word "theater" is found in the second paragraph on page 5 of the copy of the proposed lease annexed to the primary agreement, and that that word was stricken out before the lease was executed. But that change was assented to by the plaintiff. Hence the plaintiff has no existing rights under the primary agreement, and consequently plaintiff's cause of action cannot and does not rest in whole or in part upon that agreement. While rights were conferred upon the plaintiff by the simple contract, there is no allegation showing or tending to show that those rights have been violated. On the contrary, it appears from the declaration that the theater has not been built. The condition upon which plaintiff's rights under the simple contract were to become operative has therefore not yet occurred. Consequently, as I view the matter, plaintiff's cause of action does not rest in whole or in part upon the simple contract. Whether the simple contract may be pleaded and put in evidence in support of a claim for special damages for breach of the covenant in the lease to build the theater is another matter, and one that is not now before me.

The rights of the plaintiff that appear and are alleged to have been violated are those to which the lease gave rise. As that instrument is under seal, an action for the breach of its obligations must be in covenant, and not in case. The plaintiff further contends, however, that the lease, though under seal, was modified by the simple contract, and that the action of covenant can-

not be maintained on a specialty, modified or enlarged by a simple contract, and that in such instances the action must be that of case. In support of the latter of these two contentions the plaintiff cites numerous authorities, including Vicary v. Moore, 2 Watts (Pa.) 451, 27 Am. Dec. 323; Quigley v. De Haas, 98 Pa. 292; Carrier & Baum v. Dilworth, 59 Pa. 406; Smith v. Smith, 45 Vt. 433; Mill Dam Foundry Co. v. Hovey, 21 Pick. (38 Mass.) 417; Briggs v. Vt. Central Railroad Co., 31 Vt. 211, 1 R. C. L. 334; and 15 C. J. 1191. But, even conceding, arguendo, that a specialty may be altered by a simple contract, it is unnecessary to review these authorities, for I am of the opinion that the lease was not modified, enlarged, or otherwise affected by the simple contract. The lease pertains to certain matters and confers certain rights. The simple contract deals with other matters and confers other rights, that are in addition to those conferred by the lease; but, while it enlarged the rights of the plaintiff, it left the lease itself unmodified, unenlarged, and unaffected. Had the word "theater" been embodied in the second paragraph of page 5 of the lease at the time of its execution, a different question would have been presented.

For the foregoing reasons the motion to strike will be granted.